Kenneth M. Trujillo-Jamison (Bar No. 280212)
ktrujillo-jamison@willenken.com
WILLENKEN LLP
707 Wilshire Blvd., Suite 4100
Los Angeles, California 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250

Zack Chibane (admitted *pro hac vice*)
zchibane@x.com
Christopher Guerriero (admitted *pro hac vice*)
cguerriero@x.com
X CORP.
249 W. 17th Street
New York, NY 10011
Telephone: (201) 228-0699
*Attorneys for Defendant X Corp., in its corporate capacity and as successor in interest to named defendant Twitter, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC., a Delaware corporation; X CORP., a Nevada corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:24-cv-04878-MEMF-JC<br><br>**DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**Date: August 14, 2025**<br>**Time: 10:00 a.m.**<br>**Place: Courtroom 8B**<br><br>Hon. Maame Ewusi-Mensah Frimpong |

## I. INTRODUCTION

Despite three attempts to plausibly allege copyright infringement against Twitter based on the purported actions of its third-party users (ECF Nos. 1, 12, 30), Plaintiff Michael Grecco Productions, Inc. ("Grecco") has failed to do so. Rather than meaningfully address the SAC's many fatal defects—including its failure to plead any "volitional conduct" by Twitter in the alleged infringement by its users—the Opposition instead repeats its flawed allegations and raises various *non-sequiturs*. For example, the Opposition chides *Twitter* for purportedly failing to apprise Grecco of its pleading defects. Not only is this false, as Twitter's Answer demonstrates, it is irrelevant to the only question before this Court: whether the SAC plausibly alleges copyright infringement by Twitter. As set forth in the Opening Brief and herein, it does not.

Moreover, Grecco's Opposition all but concedes that many the SAC's alleged acts of infringement are time-barred as a matter of law. (ECF No. 41 ("Br.") at 21; ECF No. 42 ("Opp.") at 18.) Unable to identify any allegations suggesting otherwise, Grecco asks this Court to toll the statute under the so-called "discovery rule," while simultaneously conceding that the SAC pleads *none* of the facts required to do so. Grecco cannot save his claims with time-barred allegations of infringement, which should be dismissed.

Finally, Grecco appears to acknowledge the defective nature of the SAC, and asks this Court for a *fourth* bite at the apple. But Grecco's deadline to amend his complaint passed several months ago in March,[1] and, as a result, it must make a *specific showing of good cause* before such amendment. Grecco does not even attempt to make that good cause showing, and in any event, the facts it seeks to add have apparently existed all along. Thus, Grecco's belated request for further leave to amend should be denied.

For all these reasons, and those set forth in the Opening Brief, the Court should grant judgment on the pleadings and dismiss the SAC without leave to amend.

[1] ECF No. 27-1 (the "Last Date to Hear Motion to Amend Pleadings" is "03/20/2025").

## II. ARGUMENT

### A. Grecco Fails to State a Claim for Copyright Infringement Under Any Theory

No Direct Infringement. Rather than address Grecco's failure to allege "volitional conduct" by Twitter in the alleged infringement by "users that uploaded the Photos for public display" (ECF No. 30 ("SAC") ¶ 24), the Opposition[2] blithely asserts that Grecco "has clearly met the pleading requirements of Rule 8." (Opp. at 9.) But the Opposition's copy-pasted list of SAC allegations (*id.* at 9–11 (citing SAC ¶¶ 15–16, 20–21, 25–26, 30–31, 124, 127))[3] only confirms that Grecco pleads only *passive* conduct on Twitter's part, which is insufficient to plausibly allege direct infringement.[4] (Br. at 9–11; *see VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723 (9th Cir. 2019) ("copying, storage, and transmission of copyrighted materials, when instigated by others, does not render a [website] strictly liable").

Unable to meet its burden of "showing [that Twitter] exercised control (other than by general operation of [its website]); selected any material . . . or instigated any copying, storage, or distribution of its photos,"[5] Grecco tries, but fails, to distinguish case law supporting dismissal. ***First***, Grecco claims *VHT* is not binding because it is "a Rule 56" decision, but the Ninth Circuit and others have invoked *VHT's* volitional conduct standard at the pleadings stage. *See, e.g.*, *Stross v. Zillow, Inc.*, 2023 WL 8518904, at *1 (affirming *12(b)(6)* dismissal of direct infringement claim alleging that Zillow "fail[ed] to control the photographs on its system" as "squarely foreclosed by *VHT*[.]"); *Grecco v. TikTok, Inc.*, 2025 U.S. Dist. LEXIS 46287, at *7 (C.D. Cal. Mar. 12, 2025) (citing *VHT* and dismissing *Grecco's* claims for lack of volitional conduct). ***Second***, Grecco attempts to distinguish *Stross v. Meta Platforms, Inc.* (Opp. at 11)—a case Defendant did not cite but, in any event, confirms that "[a] website that passively hosts an

---

[2] Capitalized terms used herein have the meaning ascribed to them in the Opening Brief.

[3] (Opp. at 10–11 (alleging Twitter passively "***reproduced***, ***displayed***, and ***distributed*** the Photos") (¶¶ 26, 15); (alleging Twitter "***took no action to cease*** [the] copyright infringement" ¶ 16)); (alleging Twitter "***has not removed***" the Photos (¶ 30)); (alleging Twitter "***failed*** and/or refused to take down" the Photos (¶ 31)); (alleging "***reproduction and public display*** of the Photos" (¶ 21)) (emphases added).)

[4] *Waterman v. TikTok*, No. 2:24-cv-04802-AB-AJR, 2024 WL 5413655 (C.D. Cal. Oct. 30, 2024); *Stross v. Zillow, Inc.*, No. 22-36000, 2023 WL 8518904 (9th Cir. Dec. 8, 2023); *Stross v. Twitter*, No. 2:21-cv-8360-SVW, 2022 WL 1843142 (C.D. Cal. Feb. 28, 2022).

[5] *See VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 732 (9th Cir. 2019).

infringing work does not engage in volitional conduct." No. 2:21-CV-08023-MCS-AS, 2022 WL 1843129, at *3 (C.D. Cal. Apr. 6, 2022) (dismissing claims based on and rejecting far more specific allegations that "Facebook selected, curated, suggested, and recommended copyrighted works to appear on user's News Feeds"). ***Third***, in seeking to avoid dismissal, Grecco cherry-picks a sentence fragment from this Court's recent dismissal of its nearly identical copyright infringement claims in *Grecco v. TikTok, Inc.*, 2025 U.S. Dist. LEXIS 46287, at *10 (C.D. Cal. Mar. 12, 2025). (Opp. at 12.) But in *Grecco v. Tiktok*, Grecco "admitt[ed] 'a direct infringement theory of liability has not been properly set forth in the FAC.'" 2025 U.S. Dist. LEXIS 46287, at *7. Notably, the FAC in *TikTok* that Grecco "admit[ted]" did "not properly set forth" a "direct theory of liability" (*id.*) contained *materially identical allegations* to those Grecco asserts here. *Compare TikTok*, 24-cv-4837, ECF No. 23 (FAC) (alleging direct infringement based on "reproduction, distribution, and public display of the Work[s]"), *with supra* note 3. As the *Grecco v. TikTok* court properly held, "operating a system used to make copies at the user's command does not mean that the system operator . . . caused copies to be made." *Id.*

In an apparent acknowledgment of its failure to plead volitional conduct, Grecco tries to amend the SAC in the Opposition, claiming that Twitter acts "without any direction from its users" to "curate," "select[], order[], arrange[], and display[] infringing images" (Opp. at 12 (citing SAC ¶¶ 15, 21).) But the allegations Grecco cites say no such thing (*id.*), and "[i]t is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss." *Schertzer v. Bank of Am., N.A.*, 445 F. Supp. 3d 1058, 1078 (S.D. Cal. 2020). Even if Grecco had alleged such facts—that Twitter's automated systems "curated" and "arranged" user posts, including infringing posts, without direction from users—that would still fall short of volitional conduct. *Perfect 10, Inc. v. Giganews, Inc.*, No. CV 11-07098-AHM (SHx), 2013 WL 2109963, at *7 (C.D. Cal. Mar. 8, 2013), *aff'd*, 847 F.3d 657 (9th Cir. 2017) (dismissing direct infringement claim alleging defendant generally "programmed their servers to automatically copy, distribute, and display [infringing] content" because "[s]uch conduct does not constitute any volitional act.")). The mere fact that a Twitter algorithm might display posts in something

other than chronological order hardly implies that Twitter acted with volition in seeking to infringe Grecco's copyrights.

In the end, the Opposition—like the SAC—fails to identify *any* facts that would plausibly allege of the required volitional conduct by Twitter, and thus its direct infringement claim fails. (Br. at 9–11.)

No Contributory Infringement. Lacking *any* facts to show Twitter had the necessary "actual knowledge" to become contributorily liable (Br. at 12–15), Grecco insists the mere *existence* of its DMCA notices plausibly alleges actual knowledge. (Opp. at 14.) The Ninth Circuit holds otherwise. *In re Long*, 854 F. App'x 861, 864 (9th Cir. 2021) (citing and relying on *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1173 (9th Cir. 2007) (affirming dismissal of contributory infringement claim where "the Complaint fails to plausibly establish that Facebook actually knew precisely what infringing material was available on Facebook."); *UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1021 (9th Cir. 2013) ("absent any *specific information* which *identifies infringing activity*, a computer system operator cannot be liable for contributory infringement") (emphasis added). The SAC's failure to describe the content, details or format of *any* of its purported DMCA notices (*see generally* SAC) confirms that Grecco has not plausibly alleged Twitter "actually knew precisely what infringing material was available." *See Greg Young Publ'g, Inc. v. Zazzle, Inc.*, No. 2:16-cv-04587-SVW-KS, 2017 WL 2729584, at *7 (C.D. Cal. May 1, 2017) ("a deficient notice cannot . . . establish knowledge.").

Grecco claims that its made-for-litigation chart (SAC at 7–20) provides "specific details of X's knowledge." (Opp. at 14.) Not so. The chart is devoid of any details describing the contents of the notices and whether (if at all) those notices were sufficient to create "actual knowledge of specific acts of infringement." *See Zazzle*, 2017 WL 2729584, at *7 (defendant "will not be found to have knowledge of infringement unless [plaintiff] submits a complaint that complies with the DMCA").

Grecco also tries but fails to manufacture a factual dispute about whether its DMCA notices complied with 17 U.S.C. § 512. (Opp. at 14 ("this . . . is a factual dispute").) Grecco's

bald assertion that its "DMCA takedown requests" somehow "compl[ied] with the statute" is a *legal* conclusion that fails to plead *facts* sufficient to state a claim. (Br. at 2 (citing *Iqbal*, 556 U.S. at 678).) This Court rejected *identical* allegations by Grecco as "legal conclusion[s] the Court is not allowed to accept." (Br. at 13–14; *Waterman v. TikTok, Inc.*, No. 2:24-cv-04802-AB-AJR, 2024 WL 5413655, at *4 (C.D. Cal. Oct. 30, 2024) (rejecting "legal conclusion" that plaintiff "complied with DMCA").)

Unable to distinguish *Grecco v. TikTok* or *Waterman v. TikTok*, Grecco cites a case that predates both—*Backgrid v. Twitter*—to suggest its notices constitute knowledge. 2024 U.S. Dist. LEXIS 103090 (C.D. Cal. June 7, 2024). But the Court analyzed there what is missing here—allegations describing the *substance* of plaintiff's notices—and concluded that they "g[ave] [Defendant] knowledge of specific infringing material, including providing a link to where the infringement was stored and . . . displayed." *Id.* at *13 ("The FAC specifies that the take-down notices provided a link to X Corp. to properly identify each instance of alleged infringement" with respect to "6,700 DMCA take-down notices"). Grecco's SAC contains no such factual details, and thus fails as a matter of law to plead "actual knowledge." (Br. at 14–15.)

Grecco also asks this Court to ignore *Grecco v. TikTok* because the Court in that case identified details concerning Grecco's DMCA notices that were missing there but are present here. (Opp. at 12.) Grecco is mistaken. Just as Grecco failed in *TikTok* to plead "specific details of the content of those notices, such as which photographs were infringed, who infringed them, or when the infringement occurred," Grecco fails here to plead *any* substantive details concerning the 111 DMCA notices it claims to have sent, including the (i) content and (ii) format of those notices, and (iii) any description of Grecco's alleged copyrighted works. (Br. at 14; *TikTok*, 2025 U.S. Dist. LEXIS 46287, at *10; SAC at 7–20 (chart missing details).) Grecco's failure to plead these statutorily required details warrants dismissal of its contributory infringement claim.[6] *Grecco v. TikTok*, 2025 U.S. Dist. LEXIS 46287, at *9 (rejecting as "insufficient" Grecco's "assertion that it sent multiple DMCA takedown notices to

---

[6] 17 U.S.C. § 512(c)(3)(A) (DMCA notice "***must***" "include . . . "(ii) identification of the copyrighted work . . . (iii) identification of the [infringing] material . . . *and* information reasonably sufficient to . . . locate the material" . . . .).

[d]efendant”).[7]

Finally, in an apparent acknowledgement that it has failed to plead details regarding its DMCA notices sufficient to put Twitter on actual knowledge of infringement, Grecco invites the Court to review the notices themselves. (Opp. at 15.) But Grecco chose not to attach *any* of those purported notices to the SAC (much less the Opposition), even though it could have done so. And this Court “may not consider matters outside the pleadings on a Rule 12(c) motion.” *Griego v. Jackson*, No. 2:24-cv-03260-ODW (PVCx), 2025 WL 297150, at *2 (C.D. Cal. Jan. 24, 2025).

Grecco also fails to plausibly allege “material contribution” which requires *facts* showing (1) actual knowledge *and* (2) the existence of “simple measures to remove the infringing material.” (Br. at 16.) Lacking such facts, Grecco insists that its DMCA notices alone establish both elements. (Opp. at 15.) This is wrong for all the reasons discussed *supra* with respect to actual knowledge; and this Court requires far more than bald allegations of “simple measures” to plausibly allege the second element. *See Waterman*, 2024 WL 5413655, at *4 (dismissing contributory infringement claim where plaintiff “alleges no facts that Defendant had the ability to control the acts of its users or that Defendant was able to use simple measures to remove the infringing material”).

Grecco also has not and cannot plausibly allege “inducement”—that Twitter operated “a service with the object of promoting its use to infringe copyright.” (Br. at 17.) Grecco’s only response is to invoke a single speculative conclusion that infringement by Twitter users somehow “increas[ed] the traffic” and “use of . . . services.” (SAC ¶ 131). Such a generalized

[7] Grecco cites two cases that change nothing. *Group, Inc. v. Jordon*, 708 F. Supp. 2d 989, 998 (N.D. Cal. 2010) is a *default judgment* decision that predates the Ninth Circuit’s *VHT* and *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657 (9th Cir. 2017) decisions. And *Williams-Sonoma, Inc. v. Amazon.com, Inc.*, 627 F. Supp. 3d 1072, 1082 (N.D. Cal. 2020), only confirms the weakness of Grecco’s claim: the plaintiff there—unlike Grecco here—specifically alleged “Amazon makes an editorial, qualitative decision among different photos of the same product” and “copies and displays the chosen image” to “enhance product sales.”

conclusion is insufficient to plead "*specific* acts *intended* to *encourage* or induce infringement." (Br. at 17; *Perfect 10*, 494 F.3d at 801 (dismissing contributory claim) (emphasis added).)[8]

Thus, Grecco fails to plausibly allege contributory copyright infringement and that claim should be dismissed.

No Vicarious Infringement. The Opposition confirms Grecco fails to plausibly allege either required element of a vicarious infringement claim: (1) "the right and ability to supervise the infringing conduct" and (2) "a direct financial interest in the infringing activity." (Br. at 18.)

***First***, rather than point to *any* facts to support the "right and ability to supervise" element, Grecco again invokes its undescribed and unattached DMCA notices to conclude they are sufficient. (Opp. at 16). But DMCA notices, standing alone, are "insufficient" to plausibly allege a "right and ability to supervise." *TikTok*, 2025 U.S. Dist. LEXIS 46287, at *9 (rejecting allegation that Grecco "sent multiple DMCA takedown[s]"); *Tur v. YouTube, Inc.*, No. CV 06-4436-FMC (AJWx), 2007 WL 1893635, at *3 (C.D. Cal. June 20, 2007) (holding that the "right and ability to control" standard "presupposes some antecedent ability to limit or filter copyrighted material").

***Second***, unable to identify *any* "direct financial interest" by Twitter (Br. at 19), Grecco asserts that "X operates its business to make money" and "benefits from increased traffic." (Opp. at 16.) But as the Opening Brief explained and Grecco ignores, the "essential aspect" of the direct financial interest test is "whether there is a causal relationship between the infringing activity and any financial benefit a defendant reaps . . . ." *Giganews*, 847 F.3d at 673. The Opposition—like the SAC—"includes no factual allegations that the [allegedly infringement] . . . affected [Twitter's] user base in any way" or that Twitter "profit[ed] directly from the infringement."[9] (Br. at 19–20 (citing *Zagorsky-Beaudoin v. Rhino Ent'mt Co.*, 2019 WL

---

[8] *Cf. Twitter, Inc. v. Taamneh*, 598 U.S. 471, 500 (2023) (while social media platforms "allow hundreds of millions (or billions) of people to upload vast quantities of information on a daily basis . . . there are no allegations that defendants treated ISIS any differently"; "[r]ather, defendants' relationship with ISIS and its supporters appears to have been the same as their relationship with their billion-plus other users: arm's length, passive, and largely indifferent").

[9] The Ninth Circuit is clear that a website "can receive a direct financial benefit from the presence of infringing material . . . *only where the availability of infringing material acts as a draw for customers*." *Erickson Prods., Inc.*

4259788, at *9); *Bandha Yoga Publ'ns*, 854 F. App'x at 864 (affirming dismissal of vicarious infringement claim where plaintiff "has not pleaded facts indicating that Facebook 'derive[d] a direct financial benefit from the direct infringement.'"); *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 n.9, 125 S. Ct. 2764, 2776 (2005) (defendant must have "profit[ed] directly from the infringement").)

***Finally***, unable to address the many cases regarding financial benefit (Br. at 19–20), Grecco cites *Backgrid* in support of its flawed theory of "financial interest" (Opp. at 17). But *Backgrid* highlights the weakness of the SAC because there (unlike here) the plaintiff alleged that "[p]hotographs were displayed in tweet-feeds, along with advertisements that targeted particular groups of Twitter users" which "allow[ed] it to increase its own advertising revenue." 2024 U.S. Dist. LEXIS 103090, at *17.

In sum, Grecco fails to plausibly allege vicarious copyright infringement, and the claim should be dismissed.

**B. Grecco's Time-Barred Claims Should Be Dismissed**

Unable to contest that 38 of the SAC's alleged acts of infringement are barred by the three-year statute of limitations,[10] Grecco's only response is to insist his time-barred claims are tolled under the "discovery rule" even though the SAC pleads *none* of the facts required to do so. Grecco is wrong. *See Kuhnzstedt v. Enttech Media Grp., LLC*, No. 2:21-cv-10032-SVW-JEM, 2022 WL 1769126, at *5 (C.D. Cal. Apr. 11, 2022) (dismissing claims where plaintiff failed to plead facts "regarding his discovery of Defendant's alleged infringement, so as to support the applicability of the discovery rule.").

This Court's *Kuhmstedt* decision is instructive and on-point. The plaintiff there—like Grecco here—alleged that certain infringing works were "published" on dates preceding the statutory cutoff date. *Id.* at *10. Notwithstanding the plaintiff's invocation of the discovery rule

---

*v. Kast*, 921 F.3d 822, 829 (9th Cir. 2019) (emphasis added). If, on the other hand, "the infringing material is 'just an added benefit,' rather than a draw, it does not confer a direct financial benefit on the website owner." *Id.* (quotations omitted).

[10] (Br. at 20; SAC at 7–20 (alleging infringement before June 10, 2021).)

in its briefing, the Court dismissed those claims as time-barred because plaintiff "ha[d] not provided any factual allegations that would support the application of the discovery rule." *Id.* The Court reasoned that, while it is "possible" the infringement was discovered sooner, "the *only* relevant date that is evident in the complaint is the date of the [work's] publication." *Id.* Here, the "*only* relevant date[s] that [are] evident" from the SAC are the "[i]nfringement at least as early as" dates (Br. at 21 & n.17), which confirm the time-barred nature of Grecco's claims. And because the SAC "has not provided any factual allegations that would support the . . . discovery rule,"[11] those claims must be dismissed. *Id.*

**C. Leave to Amend Should Be Denied**

Grecco should not be given a *fourth* opportunity to plead a viable copyright infringement claim against Twitter. This Court "may deny leave to amend where"—as here—"plaintiff has repeatedly failed to cure deficiencies by amendments previously allowed." (Br. at 22 n.18 (quoting *Mahai Dutciuc v. Meritage Homes of Ariz., Inc.*, 462 F. App'x 658, 660 (9th Cir. 2011).) Rather than explain how Grecco can cure the SAC's many fatal defects through a *fourth* complaint, Grecco blames Twitter for its pleading failures, claiming Twitter "never once said the pleading lacked sufficient allegations." (Opp. at 21.) As Twitter's Answer makes clear, this is false. *See* ECF No. 20 ("Answer") at 5 ("The Complaint fails to state facts sufficient to constitute a claim upon which relief can be granted.").

Grecco now requests "leave to amend" its deficient SAC *months after the deadline for amendment*[12] (Opp. at 21), but it makes no effort to establish the "good cause" required by Federal Rule of Civil Procedure 16, which "primarily considers the diligence of the party seeking the amendment . . . . If that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

The Opposition "make[s] no attempt to establish good cause and that alone warrants denial" of leave to amend. *Life Techs. Corp. v. Ebioscience, Inc.*, No. 10-cv-2127-IEG (NLS),

---

[11] Opp. at 18 ("[u]nless and until Plaintiff pleads when it discovered the infringements")

[12] ECF No. 27-1 (the "Last Date to Hear Motion to Amend Pleadings or Add Parties" is "03/20/2025").

2012 WL 3628624, at *2 (S.D. Cal. Aug. 21, 2012) (denying leave to amend and collecting cases); *W. All. Bank v. Jefferson*, 698 F. App'x 914, 915 (9th Cir. 2017) (affirming denial of leave to amend where "[plaintiff] was required to show good cause and diligence, but he failed to do so").[13] Nor does Grecco point to any new facts to support amendment. To the contrary, Grecco offers to plead additional information it apparently has had all along. (Opp. at 17 ("Plaintiff . . . will model its third amended complaint after a complaint in . . . *Backgrid*," which was filed *by Grecco's counsel* "on March 13, 2024," months before the filing of this suit)[14]; *id.* at 20 (offering to "identify when each [time-barred] infringement was discovered"). Grecco has no excuse for failing to plead allegations it was aware of since the outset of this case. *See Acri v. Int'l Ass'n of Machinists*, 781 F.2d 1393, 1398 (9th Cir. 1986) (even under the liberal Rule 15 standard "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action").[15] Accordingly, Grecco's request for leave to file a *fourth* complaint to add facts it had all along should be denied.

## III. CONCLUSION

For all these reasons and those set forth in the Opening Brief, the Court should grant judgment on the pleadings and dismiss the SAC without further leave to amend.

Respectfully submitted,

Dated: July 14, 2025

WILLENKEN LLP

By: */s/ Kenneth M. Trujillo-Jamison*
Kenneth M. Trujillo-Jamison
Attorneys for Defendant X Corp., in its corporate capacity and as successor in interest to named defendant Twitter, Inc.

---

[13] *Contra Walker v. Sutton Nat'l Ins. Co.*, No. EDCV 24-0002 JGB (DTBx), 2024 WL 2104572, at *3 (C.D. Cal. Mar. 27, 2024) ("Given that the Court has *not* set a scheduling order, and Plaintiff has *not* previously amended . . . the Court GRANTS Plaintiff's request.")

[14] *Backgrid*, 2024 U.S. Dist. LEXIS 103090, at *1 (plaintiff "filed its operative [FAC] on March 13, 2023" represented by "One LLP").

[15] For these reasons, Grecco's assertion that Defendant "refused Plaintiff's offer to remedy any perceived deficiencies and instead elected for wasteful motion practice" (Opp. at 21), rings hollow. In any event, Grecco—then and now—fails to demonstrate the required good cause for why it should be granted leave to amend at this stage of the proceedings.