UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS INC., | Case No.:  8:24-cv-04878-MEMF-JC |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR JUDGMENT ON THE PLEADINGS [DKT. NO. 41]** |
| TWITTER, INC. et al., | |
| Defendants. | |

Before the Court is the Motion for Judgment on the Pleadings (Dkt. No. 41) filed by Defendant Twitter Inc. For the reasons stated herein, the Court hereby DENIES the Motion for Judgment on the Pleadings with Leave to Amend.

/ / /

/ / /

/ / /

1

I. **Background**

A. **Factual Background**[1]

Plaintiff Michael Grecco Productions, Inc. ("Grecco") created and authored images, which have generated revenue through sales and publishing. Dkt. No. 30 ("2AC") ¶ 9. Grecco received copyright registration for these images. *Id.* ¶¶ 10-11.

Defendant Twitter, now known as X,[2] is the operator of a social media platform. *Id.* ¶ 12. On Twitter, users can send out text-based messages, or alternatively post images. *Id.* ¶ 13. User-uploaded images are subject to the Digital Millenium Copyright Act ("DMCA"). *Id.* ¶ 14. The DMCA precludes liability for copyright infringement by an internet service provider if the service provider complies with requests by copyright owners to remove infringing materials upon receipt of a demand to do so. *Id.*

Allegedly, Twitter did not honor DMCA takedown requests submitted by Grecco in recent years. *Id.* ¶ 15. Grecco sent DMCA takedown requests to the registered DMCA agent for Twitter as well as to the subsequent registered DMCA agent for X. *Id.* ¶ 17. The designated DMCA agent for Twitter is copyright@twitter.com. *Id.* ¶ 18. The U.S. Copyright Office's DMCA Designated Agent Directory, available at https://dmca.copyright.gov/osp/, indicates that this agent has been effective from March 29, 2022, to the present. *Id.* Grecco sent DMCA takedown emails to Twitter for the copyright infringement of the alleged 111 infringed upon copyrighted materials. *Id.* The designated DMCA agent for X is nbaseer@x.com. *Id.* ¶ 19. The U.S. Copyright Office's DMCA Designated Agent Directory, available at https://dmca.copyright.gov/osp/, indicates that this agent has been effective from March 28, 2023, to the present. *Id.* Grecco sent DMCA takedown emails to X corresponding to the copyright infringement of the photos at issue in this Complaint. *Id.*

Twitter has not taken action as to the DMCA takedown requests pertaining to the 111 copyrighted materials. *Id.* ¶¶ 28-29. Grecco never gave permission of any of the 111 copyrighted

---

[1] Except as otherwise indicated, the following factual background is derived from Plaintiff Michael Grecco Productions, Inc.'s Second Amended Complaint. Dkt. No. 30 ("2AC"). The Court includes these allegations only as background and makes no finding on whether they are true.

[2] The Court will refer to "X" as "Twitter" in this Order to remain consistent with how the parties have described Defendant.

materials to be used by Twitter. *Id.* ¶ 25. By using the copyrighted material, Twitter has allegedly received increased web traffic and revenue. *Id.* ¶ 27.

### B.  Procedural History

Grecco filed suit in this Court on June 10, 2024. Dkt. No. 1. Grecco filed a First Amended Complaint on June 14, 2024. Dkt. No. 12. Twitter filed an Answer to the First Amended Complaint on August 9, 2024. Dkt. No. 20.

On June 20, 2025, Twitter filed the instant Motion. Dkt. No. 41 ("Motion"). On July 7, 2025, Grecco filed an Opposition to Twitter's Motion. Dkt. No. 42 ("Opposition"). On July 14, 2025, Twitter filed a Reply. Dkt. No. 44 ("Reply").

On January 17, 2025, the parties stipulated to allow Grecco leave to file a Second Amended Complaint. Dkt. No. 26. The Court granted the Stipulation on February 7, 2025. Dkt. No. 29. On February 12, 2025, Grecco filed a Second Amended Complaint. Dkt. No. 30 ("2AC"). The 2AC alleges violations under 17 U.S.C. § 501 on the basis that Twitter committed: (1) direct copyright infringement; (2) contributory copyright infringement; and (3) vicarious copyright infringement. *See generally* 2AC.

On March 26, 2026, Twitter filed a Notice of Supplemental Authority regarding, *Cox Comms, Inc. Sony Music Ent.*, No. 24-171, 2026 WL 815823 (Mar. 25, 2026), and requested leave of Court to file supplemental briefing. Dkt. No. 69.

## II.    Applicable Law

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c)." Judgment on the pleadings is properly granted when, accepting all factual allegations in the complaint as true, there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks omitted). A court must construe all factual allegations in the pleadings in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

A motion under Rule 12(c) is considered "functionally identical" to a motion under Rule 12(b)(6). *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011) (citing *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). The key difference between these two motions is just the timing of the filing: a 12(b)(6) motion is before pleadings have closed, and 12(c) motion is after. *See Dworkin*, 867 F.2d at 1192. Accordingly, judgment on the pleadings should be entered when a complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is factually plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

If judgment on the pleadings is appropriate, a court may grant the non-moving party leave to amend, grant dismissal, or enter a judgment. Leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

### III.    Discussion

Twitter moves for judgment on the pleadings as to Grecco's 2AC for Copyright Infringement, 17 U.S.C. § 501. Twitter bases its Motion on the following grounds: (1) Twitter did not commit direct copyright infringement; (2) Twitter did not commit contributory copyright infringement; and (3) Twitter did not commit vicarious copyright infringement. *See generally* Motion. For the reasons set forth below, the Court DENIES the Motion.

**A. Grecco Does Properly Allege that Twitter Committed Direct Copyright Infringement.**

"To establish a prima facie case of direct infringement, a plaintiff 'must show ownership of the allegedly infringed material' and 'demonstrate that the alleged infringers violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106.'" *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2019) (citing *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001)). "In addition, direct infringement requires the plaintiff to show causation (also

4

referred to as 'volitional conduct') by the defendant." *Id.* Volitional conduct "simply stands for the unremarkable proposition that proximate causation historically underlines copyright infringement liability no less than other torts." *Id.* (citing 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 13.08[C][1] (2016) (Matthew Bender, Rev. Ed.)).

To assert volitional conduct, "a party [] must provide some 'evidence showing [the alleged infringer] exercised control *(other than by general operation of [its website])*; selected any material for upload, download, transmission, or storage; or instigated any copying, storage, or distribution' of its photos." *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 731 (9th Cir. 2019) (emphasis added).

Twitter argues that Grecco fails to allege volitional conduct by Twitter. Motion at 9-10. Grecco states that it has sufficiently alleged copyright ownership and volitional conduct. Opposition at 8-9.

The 2AC includes a list of Grecco's asserted copyright material, including the image, registration number, and registration date. 2AC ¶¶ 29, 124-26. Twitter does not dispute the validity or accuracy of the images or registration information. *See generally* Motion. Based on the copyright information provided in the 2AC, the Court finds that Grecco adequately pled ownership of the allegedly infringed material. *Giganews*, 847 F.3d at 666.

As to whether Twitter acted with volitional conduct, Twitter contends that it did not commit volitional acts as the infringing conduct was posted by third party users. Motion at 9-10. The 2AC argues that Twitter actively and willfully engaged in the infringement by refusing to honor valid DMCA takedown requests pertaining to the infringing content submitted by Grecco. 2AC ¶¶ 22-23, 26, 127-31, 135. Grecco's 2AC also lists the dates when each alleged infringing material was "active" on Twitter's platform, supporting the presence of infringing material in Twitter's domain. 2AC ¶¶ 32-124; *see* Opposition at 8-12.

The 2AC allegations sufficiently indicate how Twitter had control over the infringing materials. The alleged infringing material derived from third party users,[3] which the Ninth Circuit

---

[3] The 2AC states "users [] uploaded the [alleged infringing material] for public display and distribution on Twitter." 2AC ¶ 24

5

has held is insufficient to establish direct copyright infringement. *See VHT, Inc.*, 918 F.3d at 732 ("*VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d ("[T]here must be actual infringing conduct with a nexus sufficiently close and causal to the illegal copying that one could conclude that the machine owner himself trespassed on the exclusive domain of the copyright owner."); *id.* (holding that "automatic copying, storage, and transmission of copyrighted materials, when instigated by others, do[ ] not render an [Internet service provider] strictly liable for copyright infringement"). The 2AC also alleges that Twitter infringed on the material by "reproducing, displaying, distributing, and utilizing the Photos," but fails to describe how such conduct exceeded Twitter's general operations or allege that any Twitter employee partook in the alleged "reproducing, displaying, distributing, and utilizing the Photos." *VHT, Inc.*, 918 F.3d at 733; 2AC ¶¶ 15, 127; Motion at 9-11.

However, Grecco does specifically set forth substantial efforts, through DMCA takedown requests submitted to Twitter's designated DMCA agent, which placed Twitter on notice of the alleged infringing material on Twitter's platform. 2AC ¶¶ 19, 30-124. For each alleged infringing material, the 2AC states the date the material was active on Twitter's platform and the dates when the DMCA takedown requests were submitted. *Id.* Twitter asserts that the 2AC is "missing [] allegations describing the *substance* of plaintiff's notices." Reply at 5 (emphasis in original). This argument is unsupported. On the face of the complaint, the DMCA takedown requests, the corresponding material, and corresponding submission dates explicitly place Twitter on notice of the alleged violative conduct.[4] Therefore, the 2AC provides that Twitter was: (1) on notice of the alleged infringing material; and (2) Twitter failed to address the DMCA takedown requests and remove the material from its platform. The alleged failure to remove the alleged infringing material is within *Twitter's* exercise of control, not third-party users. *VHT, Inc.*, 918 F.3d at 731. By pleading that Twitter allowed the alleged infringing material to remain on its platform and failed to respond to the

---

[4] Twitter maintains that Grecco failed to attach the DMCA takedown requests as exhibits. Reply at 6. However, to prevail against a Rule 12(c) motion, a plaintiff need only allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678 (finding that a claim is factually plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." As such, the Supreme Court had established that presenting the DMCA takedowns requests are not a requisite at this pleading stage.

DMCA takedown requests, Grecco has properly pleaded that Twitter engaged in the active display of the infringing material. This is in contrast to the facts in *VHT, Inc.*—there the Ninth Circuit found that it was not proper to find a volitional act based upon receipt of takedown notices because the defendant reasonably responded to the notices. *Id.* at 734 (finding that defendant did not commit a volitional act after receiving notice as to infringing content because defendant reasonably responded to the notices). Here, by contrast, Grecco has alleged that Twitter failed to reasonably respond. As a result, the 2AC adequately pleads that Twitter committed a volitional act pertaining to the alleged infringing material.

Accordingly, the Court finds Grecco sufficiently pleaded a cause of action for direct copyright infringement. The Motion is DENIED as to this ground.

### B. Grecco Properly Alleges that Twitter Committed Contributory Copyright Infringement.

Although the Court finds that Grecco sufficiently pled a cause of action for direct copyright infringement, the Court will address Twitter's assertions under a contributory copyright infringement theory.

To state a claim for contributory infringement, a plaintiff must allege facts showing that a defendant: "(1) has knowledge of another's infringement and (2) either (a) materially contributes to or (b) induces that infringement." *VHT, Inc.*, 918 F.3d at 745 (internal quotations and citation omitted); *Perfect 10, Inc.*, 494 F.3d at 795. "[T]he knowledge requirement for contributory copyright infringement to include both those with *actual knowledge* and those who *have reason to know* of direct infringement." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (emphasis in original). "[A] computer system operator is liable under a material contribution theory of infringement if it has *actual* knowledge that *specific* infringing material is available using its system, and can take simple measures to prevent further damage to copyrighted works, yet continues to provide access to infringing works." *Giganews*, 847 F.3d at 671.

Twitter argues that Grecco's 2AC does not sufficiently assert that Twitter had actual knowledge of the alleged infringing material, and materially contributed or induced the material. Motion at 12-15; Reply at 5-7. Grecco counters, explaining that the DMCA takedown requests

provided Twitter with actual knowledge of the alleged infringing material and Twitter's failure to remove the content constituted material contribution or inducement. Opposition at 13-15.

As stated, in the 2AC, Grecco details the copyright material, the copyright registration information, and the DMCA takedown requests submission dates. 2AC ¶¶ 29-124. Through the DMCA takedown requests, Grecco presented the alleged infringing material to Twitter, thereby providing Twitter with actual knowledge of the alleged direct infringement, or at least a roadmap to the direct infringement. *See Ellison*, 357 F.3d at 1076; Opposition at 15. Thus, Grecco adequately pleads that Twitter had actual knowledge or reason to know of the direct infringement.

As the Court finds that Grecco sufficiently alleges actual knowledge, the Court need only address whether Grecco adequately alleges that Twitter could have taken "simple measures to prevent further damage to copyrighted works, yet continues to provide access to infringing works." *Giganews*, 847 F.3d at 671. The 2AC states that DMCA takedown requests apply to internet service providers and "are industry standard." 2AC ¶ 14. Twitter has purportedly properly addressed prior DMCA takedown requests, thus indicating Twitter's ability to address the requests. *Id.* ¶ 15. Twitter suggests that Grecco's requests did not contain sufficient information to place Twitter on notice of the infringing material. Reply at 4-6. However, as the Court previously discussed, Grecco provided Twitter with the exact copyright material each DMCA takedown request corresponded to. 2AC ¶¶ 29-124. Therefore, the Court finds that Grecco sufficiently alleged a simple measure, and thus material contribution under a claim for contributory copyright infringement. As the Court finds that Grecco has sufficiently pled actual knowledge and material contribution, the Court need not address inducement but will proceed to do so.[5]

---

[5] Twitter, in its request for leave to filed supplemental briefing, Dkt. No. 69, directs the Court to *Cox Comms, Inc. Sony Music Ent.*, No. 24-171, 2026 WL 815823 (Mar. 25, 2026). There, the Supreme Court held "[t]he provider of a service is contributorily liable for the user's infringement only if it intended that the provided service be used for infringement." *Id.* at *6. And a service is tailored to infringement if it is not capable of substantial or commercially significant non-infringing uses. *Id.* The Supreme Court held that Sony provided no evidence of promotion, marketing, or intent to promote infringement, and Cox "repeatedly discouraged copyright infringement by sending warnings, suspending services, and terminating accounts." *Id* at *7. The facts differ here. As stated, Grecco submitted numerous DMCA takedown requests, which included the copyright and infringing material information—placing Twitter on notice of the infringing activity. 2AC ¶¶ 29-124. Twitter, however, took no action to remove the infringing materials. *Id.* Grecco also alleges that Twitter's acts of infringement were "willful." *Id.* ¶¶128-30. As such, *Cox* is distinguishable from this matter.

Inducement, the distribution of "a device with the object of promoting its use to infringe copyright," is not sufficiently alleged in the 2AC. *Perfect 10, Inc.*, 494 F.3d at 800. Grecco contends that providing a platform for the alleged infringing material constituted inducement. Opposition at 15; 2AC ¶ 131. However, the assertions are conclusory and do not address how Twitter's failure to address the DMCA takedown requests substantiate Twitter's objective in promoting the infringing content. Twitter may have failed to exercise diligence in removing the content upon receipt of the DMCA takedown requests. But the failure to remove does not speak to an objective to promote. *Perfect 10, Inc.*, 494 F.3d at 800. As such, the Court finds that Grecco does not adequately plead inducement.

Accordingly, the Court finds Grecco sufficiently plead a cause of action for contributory copyright infringement. Therefore, the Motion is DENIED on this ground.

### C. Grecco Does Properly Allege that Twitter Committed Vicarious Copyright Infringement.

Although the Court finds that Grecco sufficiently pled a cause of action for direct and contributory copyright infringement, under a direct theory, the Court will address Twitter's assertions under a vicarious copyright infringement theory.

To state a claim for vicarious infringement, a plaintiff must allege that the defendant "has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity." *VHT*, 918 F.3d at 746. "Financial benefit exists where the availability of infringing material 'acts as a "draw" for customers.'" *Napster*, 239 F.3d at 1023 (citing *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 263–64 (9th Cir. 1996)). "The direct financial benefit prong of the vicarious infringement test demands more than evidence that customers were drawn to [defendant] to obtain access to infringing material in general." *Giganews*, 847 F.3d at 673.

Twitter claims that it did not have the right and ability to supervise the alleged infringing content and that Grecco did not show a direct financial interest. Motion at 18-20; Reply at 7-8. Grecco asserts Twitter's ability to supervise the content through the DMCA takedown requests and cites increased web traffic as indication of Twitter's direct financial interest. Opposition at 14-17.

As determined, the Court finds that Grecco sufficiently pleads that Twitter had the right and ability to supervise the alleged infringing content through the DMCA takedown requests. Upon reviewing Grecco's requests, Twitter could have removed the content from its platform. 2AC ¶¶ 29-124.

The Court also holds that Grecco has adequately asserted a direct financial interest. The 2AC asserts that Twitter has generated revenue through the increased traffic from the infringing content. 2AC ¶¶ 27, 131. And this is all that is needed at this stage. Grecco need not explain at this stage how the infringing content operates as a draw to consumers, but merely that this specific infringing content does. *See Napster*, 239 F.3d at 1023; *Giganews*, 847 F.3d at 673. As such, Grecco has sufficiently pleaded the second prong for vicarious copyright infringement.

Accordingly, the Court finds that Grecco has adequately pleaded a cause of action for vicarious copyright infringement. The Motion is DENIED as to this ground.

### D. Thirty-eight of Grecco's One-Hundred-Eleven Alleged Infringed Copyright Materials Are Barred by the Statute of Limitations.

Under 17 U.S.C. § 507(b), "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). "Under the 'discovery rule,' a copyright infringement claim accrues—and the statute of limitations begins to run—when a party discovers, or reasonably should have discovered, the alleged infringement." *Media Rights Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1022 (9th Cir. 2019) (citing *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004)).

Grecco filed its original complaint on June 10, 2024. Dkt. No. 1. Twitter posits that the statute of limitations run when the "relevant Photos were allegedly posted on Twitter before June 10, 2021." Motion at 20-21; Reply at 8-9. Grecco argues that the statute of limitations under Section 507(b) are tolled under the discovery rule and thus, none of its alleged infringed materials are barred. Opposition at 18-20.

In the 2AC, alleged infringement on thirty-eight of Grecco's 111 copyright materials occurred prior to June 10, 2021.[6] Through the discovery rule, the Ninth Circuit has provided a tolling mechanism. *Media Rights Techs., Inc*, 922 F.3d at 1022. Grecco, however, does not assert the discovery rule or an alternative tolling basis for the thirty-eight materials in the 2AC. *See generally* 2AC. As such, the 2AC fails to sufficiently plead that the thirty-eight materials are not barred by the statute of limitations under 17 U.S.C. 507(b).

Accordingly, the Court finds reason to GRANT the Motion and dismiss the copyright cause of action as to the thirty-eight materials. This dismissal is with leave to amend as the Court finds that an amendment would not be futile. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

## IV.    Conclusion

For the foregoing reasons, the Court DENIES in Part the Motion and ORDERS as follows:

1. The Motion is DENIED on the basis of 17 U.S.C. § 501;

   a. The Motion is DENIED as to Plaintiff's Direct Copyright Infringement claim;

   b. The Motion is DENIED as to Plaintiff's Contributory Copyright Infringement claim; and

   c. The Motion is DENIED as to Plaintiff's Vicarious Copyright Infringement claim.

2. The Motion is GRANTED on the basis of 17 U.S.C. § 507(b) as to thirty-eight of the one-hundred-eleven alleged infringed upon materials. Grecco's copyright

---

[6] Per paragraph 29 of the 2AC, the following numbered materials were allegedly infringed upon prior to June 10, 2024 are: (#98 – "7/14/2014"); (#68 – "1/19/2015"); (#54 – "2/8/2015"); (#78 – "6/21/2015"); (#63 - "8/10/2015"); (#62 – "2/2/2016"); (#58 – "4/2/201"); (#48 - "1/15/2017"); (#41 - "9/4/2017"); (#83 - "12/1/2017"); (#67 - "1/14/2018"); (#11 - "6/12/2018"); (#101 - "9/11/2018"); (#13 - "11/14/2018"); (#76 - "11/18/2018"); (#65 - "12/18/2018"); (#108 - "1/11/2019"); (#3 - "2/5/2019"); (#44 - "2/14/2019"); (#81 - "4/10/2019"); (#95 - "4/23/2019"); (#4 - "4/28/2019"); (#64 - "5/31/2019"); (#38 - "6/2/2019"); (#43 - "6/4/2019"); (#51 - "8/15/2019"); (#88 - "2/2/2020"); (#104 - "6/1/2020"); (#55 - "6/19/2020"); (#32 - "8/13/2020"); (#49 - "11/15/2020"); (#29 - "1/22/2021"); (#75 - "4/4/2021"); (#84 - "4/11/2021"); (#23 - "4/20/2021"); (#36 - "5/1/2021"); (#46 - "5/8/2021"); (#59 - "5/8/2021"). *See* 2AC ¶ 29.

11

infringement cause of action as to the following thirty-eight alleged infringed upon materials shall be DISMISSED with leave to amend:

    a.   Photograph Number: 3; 4; 11; 13; 23; 29; 32; 36; 38; 41; 43; 44; 46; 48; 49; 51; 54; 55; 58; 59; 62; 63; 64; 65; 67; 68; 75; 76; 78; 81; 83; 84; 88; 95; 98; 101; 104; 108.

3.   Should Grecco wish to amend any of the dismissed claims, it must do so within thirty (30) days of the date of this Order. Should Grecco fail to file a further amended complaint, the only claims that shall remain are those not dismissed by this Order, and the operative filing date for the Twitter's response shall be the thirty-day date upon which the further amended complaint should have been filed.

4.   The Court will issue its Order Setting Scheduling Conference forthwith.

IT IS SO ORDERED.

Dated: March 31, 2026

_____

MAAME EWUSI-MENSAH FRIMPONG

United States District Judge

12