Peter R. Afrasiabi (SBN 193336)
Email: pafrasiabi@onellp.com
Taylor C. Foss (SBN 253486)
Email: tfoss@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:   (949) 258-5081

Attorney for Plaintiff,
MICHAEL GRECCO PRODUCTIONS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>TWITTER, INC., a Delaware corporation; X CORP., a Nevada corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-04878-MEMF-JC<br><br>**FOURTH AMENDED COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

**FOURTH AMENDED COMPLAINT**

Plaintiff Michael Grecco Productions, Inc. ("Plaintiff"), by and through its attorneys of record, complains against Defendants Twitter, Inc., X Corp., and DOES 1-10, inclusive ("Defendants") as follows:

## JURISDICTION AND VENUE

1.     This is a civil action against Defendants for their acts of copyright infringement in violation of the United States Copyright Act, 17 U.S.C. § 101 et seq.

2.     This Court has subject matter jurisdiction over this copyright infringement action under 28 U.S.C. § 1331, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a).

3.     Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, the Defendants transact business in this judicial district, Plaintiff's principal place of business is in this judicial district, and the injury suffered by Plaintiff took place in this judicial District.  Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the state of California.

## PARTIES

4.     Plaintiff is a California corporation, with its principal place of business in Santa Monica, California. Plaintiff is a company who owns the rights to multiple photographs made by Michael Grecco, who is an award-winning photographer and best-selling author recognized internationally for his high-concept imagery, mastery of lighting and powerful connections with subjects. His extensive body of work encompasses celebrity, fine art, advertising, fashion, portraiture, and editorial photography.

5.     Plaintiff is informed and believes, and upon that basis alleges, that Defendant Twitter, Inc. (hereinafter "Twitter") is a Delaware corporation, with its principal place of business at 1355 Market St., Suite 900, San Francisco, California 94103.

**FOURTH AMENDED COMPLAINT**

6.      Plaintiff is informed and believes, and upon that basis alleges, that Defendant X Corp. (hereinafter "X") is a Nevada corporation, with its principal place of business at 1355 Market St., Suite 900, San Francisco, California 94103.

7.      Plaintiff is informed and believes, and on upon that basis alleges, that Defendant Twitter was merged into Defendant X in April 2023, after the platform was purchased by X.

8.      DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said defendants when the same have been ascertained. Plaintiff is informed and believes, and upon such alleges, that each of the defendants designated herein as a "DOE" are legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such defendants.

## STATEMENT OF FACTS

*Plaintiff's Business and the Photographs Forming*

*the Subject Matter of This Dispute*

9.      Michael Grecco has created many high value photographs throughout his career and has authored many iconic images that have generated substantial amounts of money through sales and publishing. In the marketplace, professional photographs carry tremendous monetary value. As noted above, Plaintiff owns the rights to these photographs.

10.      True and correct copies of the specific photographs as issue in this case (the "Photos") are attached hereto as **Exhibit A**, including the photographs underlying the newly discovered incidents of infringement pleaded in this Fourth Amended Complaint. Plaintiff has timely obtained copyright registration for each of the Photos with the United States Copyright Office. True and correct copies of the copyright registration certificates for the Photos are attached hereto as **Exhibit B**. The copyright registration numbers for the Photos in Exhibit B include: VA 1-431-

3

**FOURTH AMENDED COMPLAINT**

698, VA 1-232-596, VA 2-030-740, VA 2-030-741, VA 1-736-729, VAu 1-206-959,VA 2-063-319, VAu 688-636, VAu 1-079-072, VA 932-255, VA 1-148-989, VA 1-823-255, VAu 590-445, VAu 748-379, VAu 740-387, VA 1-279-679, VAu 1-351-527, VAu 469-004, VAu 1-402-368, VAu 715-832, VAu 1-393-128, VAu 1-091-782, VAu 1-053-892, VA 1-825-822, VA 1-431-699, VA 2-236-987, VAu 1-397-398, VAu 661-039, VA 2-236-992, VA 1-232-597, VA 1-418-417, VA 2-064-915, VA 2-064-693, VAu 539-976, VAu 481-333, VAu 1-161-074, and VA 2-277-528. Exhibit B also now includes additional copyright registration certificates for the copyrighted images newly pleaded in this Fourth Amended Complaint as set forth in the table below at Paragraph 185 that were not already included in Exhibit B, e.g., VAu 1-017-645, and VAu 492-686.

11.    Plaintiff received copyright registration for each of the Photos prior to Defendants' copyright infringement of the Photos.

*The Defendants and the Marketplace*

12.    Defendant Twitter was the operator of the social media platform social media platform Twitter (the "Platform") up until 2022, when it was bought out by Defendant X and the platform changed its name to X accordingly. Infringement began prior to the acquisition of Twitter by X, and continued after the acquisition and subsequent rebranding as X. However, for purposes of clarity, this Complaint will refer to the platform as "Twitter" or the "Platform."

13.    On the Platform, users can send out (colloquially "tweet") a text-based message, or alternatively can tweet images.

14.    User-uploaded images are subject to the safe harbor provision of the Digital Millennium Copyright Act, which precludes liability for copyright infringement by an internet service provider such as Twitter, provided that Twitter complies with requests by copyright owners to remove infringing materials upon receipt of a demand to do so. These "take-down" requests are industry standard.

**FOURTH AMENDED COMPLAINT**

*Musk's Takeover and Transformation of Twitter*

15. Twitter's practice of not taking down posts and images that constitute copyright infringement began after a change in ownership and leadership at Twitter. Specifically, in 2022 when Elon Musk acquired ownership and control of Twitter, he initiated a slash and burn approach to the company, firing or laying off the majority of the company's employees, including those legal employees tasked with overseeing compliance with copyright laws.

16. But the change in direction at Twitter goes beyond just diminishing Twitter's ability to comply with the laws. Under the leadership of Elon Musk, compliance with copyright law was deprioritized.

17. Defendant's hostility to intellectual property law and the DMCA specifically has been publicly stated by the head of Twitter, Elon Musk. For example, on May 12, 2022 at 1:18 PM, Elon Musk tweeted through his @elonmusk account: "Overzealous DMCA is a plague on humanity." (https://x.com/elonmusk/status/1524846562974875655.)

18. On November 4, 2022, Musk began laying off Twitter's workforce.[1] The New York Times estimated that roughly half of the workforce was let go, and quoted a Harvard University professor of business who stated that the "cuts were among the most poorly handled that she had seen" in her decades-long studies.[2]

---

[1] November 3, 2022: https://www.cnn.com/2022/11/03/tech/twitter-layoffs/index.html; November 3, 2022: https://www.nytimes.com/2022/11/03/technology/twitter-layoffs-elon-musk.html; November 4, 2022: https://www.nytimes.com/2022/11/04/technology/elon-musk-twitter-layoffs.html; November 4, 2022: https://www.theverge.com/2022/11/4/23439790/elon-musk-twitter-layoffs-trust-and-safety-teams-severance; November 4, 2022: https://www.reuters.com/technology/twitter-start-layoffs-friday-morning-internal-email-2022-11-04/.

[2] November 3, 2022: https://www.nytimes.com/2022/11/03/technology/twitter-layoffs-elon-musk.html.

**FOURTH AMENDED COMPLAINT**

19.   On November 6, 2022, Musk attempted to re-hire some laid off employees.[3]

20.   On November 12, 2022, without warning, Musk triggered the layoffs of a further 4,500 to 5,500 employees, this time contractors, across content moderation, marketing, engineering, and other teams, "[b]y some estimates represent[ing] 80 percent of all Twitter contract workers."[4]

21.   Musk's "Slash First, Fix Later" approach to acquired businesses (among other things) is recklessness embodied.[5]

22.   Allowing the copyrights of others to be infringed based on a Silicon Valley mindset of fixing it later, does not mean that the infringement caused—and the resulting harm caused to those copyright holders—did not occur and was not willful and subject to damages under the Copyright Act.[6]

23.   "Failure is an option here. If things are not failing, you are not innovating enough."[7]  Musk's attitude to failing does not mean that those failures do not have consequences.  The rampant copyright infringement that X allowed despite clear notice of that infringement has a consequence, namely that X infringed the rights of copyright holders and they are entitled to statutory damages.

---

[3] November 6, 2022: https://www.bloomberg.com/news/articles/2022-11-07/musk-s-twitter-enters-week-2-with-reversals-on-check-marks-jobs; https://www.reuters.com/technology/twitter-asks-some-laid-off-workers-come-back-bloomberg-news-2022-11-06/.
[4] https://arstechnica.com/tech-policy/2022/11/twitter-lays-off-5k-contractors-in-surprise-2nd-wave-of-cuts-more-mods-lost/.
[5] November 16, 2024: https://www.nytimes.com/2024/11/16/technology/elon-musk-cost-cuts.html. https://www.cnn.com/2022/11/16/tech/elon-musk-email-ultimatum-twitter/index.html.
[6] December 24, 2024: https://www.politico.com/news/magazine/2024/12/24/elon-musk-washington-congress-00196006.
[7] February 1, 2020: https://cleantechnica.com/2020/02/01/elon-musk-you-should-be-failing-if-things-are-not-failing-you-are-not-innovating-enough/#google_vignette.

**FOURTH AMENDED COMPLAINT**

24. As a further example of the head of Twitter's hostility to intellectual property laws, in a very timely and revealing interaction, in a tweet on X, Jack Dorsey, the founder of Twitter, tweeted on April 11, 2025, "delete all IP law":



*See* https://x.com/jack/status/1910829254214115681 (accessed 4/22/2025).

25. In response, Musk tweeted his agreement:



*See* https://x.com/elonmusk/status/1910840422789763511 (accessed 4/22/2025).

/ / /

/ / /

/ / /

/ / /

**FOURTH AMENDED COMPLAINT**

26.     The fact that Musk—and the company he runs—does not respect copyright laws and entirely discarded attempts to comply with copyright laws is not surprising when Musk has called copyright a "plague on humanity."[8]

27.     X has faced multiple lawsuits related to X's disregard for intellectual property, including specifically a copyright infringement suit related to music.[9] X and Musk have conflicted previously with the Copyright Act, where X attempted to implement its own system as opposed to the laws set forth by Congress.[10]

*Defendants' Infringement*

28.     In recent years, Twitter has stopped honoring DMCA takedown requests and has continued to facilitate copyright infringement despite repeated DMCA takedown requests, such that Defendants' conduct removes it from the safe harbor provided by the DMCA and amounts to copyright infringement. True and correct copies of instances of Twitter reproducing, publicly displaying, and distributing the Photos without permission, license, or authorization, including the newly-discovered incidents of infringement pleaded for the first time in this Fourth Amended Complaint, are attached hereto as **Exhibit C**.

29.     Twitter generates revenue from advertising on its platform, based on user traffic, *i.e.*, the more users view posts and content on the platform, the more advertising revenue Twitter can generate.

30.     The instances wherein Twitter reproduced, publicly displayed, and distributed the Photos without permission, license, or authorization were viewed, on information and belief by thousands of Twitter users.

---

[8]     June 15, 2023: https://fortune.com/2023/06/15/twitter-sued-music-copyright-sony-universal-elon-musk-plague-on-humanity/.
[9]     June 14, 2023: https://www.nytimes.com/2023/06/14/technology/music-twitter-lawsuit-elon-musk.html.
[10]     May 2024: https://arstechnica.com/tech-policy/2024/05/elon-musks-x-tried-and-failed-to-make-its-own-copyright-system-judge-says/.

**FOURTH AMENDED COMPLAINT**

31.    Based on the foregoing user traffic, Twitter generated advertising revenue from the infringing posts, wherein Twitter reproduced, publicly displayed, and distributed the Photos without permission, license, or authorization.

32.    Such revenue is directly tied to infringing posts.  If infringing content/posts receive views, Twitter's advertising revenue increases commensurately based on the views that the infringing content/posts receive.

33.    On information and belief, Twitter tracks and maintains records of user traffic for purposes of selling

34.    As set forth below for each copyrighted image, Plaintiff sent DMCA takedown requests in compliance with the statute but—apart from a few isolated incidents—Twitter either (i) delayed any action and requested more information than was necessary under the DMCA, or (ii) took no action at all to cease its copyright infringement.

35.    Plaintiff sent these DMCA takedown demands to the registered DMCA agent for Twitter as well as to the subsequent registered DMCA agents for X.

36.    As of March 29, 2022, the designated DMCA agent for Twitter was copyright@twitter.com according to the U.S. Copyright Office's DMCA Designated Agent Directory, available at https://dmca.copyright.gov/osp/.  Plaintiff sent DMCA takedown notices to Twitter's designated DMCA agent corresponding to the copyright infringement of the Photos at issue in this Complaint as set forth in the table below.

37.    From March 28, 2023 until January 8, 2025, the designated DMCA agent for X was nbaseer@twitter.com according to the U.S. Copyright Office's DMCA Designated Agent Directory, available at https://dmca.copyright.gov/osp/.

38.    As of January 9, 2025, the designated DMCA agent for X and Twitter is copyright@x.com, as indicated on the DMCA Designated Agent Directory. Plaintiff sent DMCA takedown notices to X's designated DMCA agents

**FOURTH AMENDED COMPLAINT**

corresponding to the copyright infringement of the Photos at issue in this Complaint, as set forth in the tables below.

39.    Upon receipt of the DMCA takedown demands, Twitter had the ability and authority to control the infringement, specifically possessing the ability and authority to remove the infringement from the Platform. Among other things, said right and ability is plainly contracted for, with legal force, in Twitter's own Terms of Service, found at https://x.com/en/tos, which grant Twitter broad authority to remove content and terminate accounts by stating, among other things, that "X reserves the right to take enforcement actions against you if you do violate these terms , such as, for example, removing your Content, limiting visibility, discontinuing your access to X, or taking legal action.  . . . We may also suspend or terminate your account for other reasons, such as prolonged inactivity, risk of legal exposure, or commercial inviability. . . . We reserve the right to remove Content. . . We may stop (permanently or temporarily) providing the Services or any features within the Services to you or to users generally."

40.    Despite having the ability and authority to control the infringements on its platform, Twitter took no action to halt the infringement.

41.    Rather than remove the infringements from its platform, Twitter demanded information not required by the Copyright Act or the DMCA.

42.    Many of the Photos are continuing to be infringed by Twitter as of the filing of this Complaint.

43.    Absent safe harbor protection under the DMCA, Twitter's reproduction and public display of the Photos amounts to copyright infringement.

44.    Regarding direct copyright infringement, Twitter was on notice of the infringing material and Twitter failed to address the DMCA takedown requests and remove the material from its platform. Twitter's failure to remove the alleged infringing material is within Twitter's exercise of control, not third-party users. To the extent that Twitter allowed the infringing material to remain on its platform and

10

**FOURTH AMENDED COMPLAINT**

failed to respond to the DMCA takedown requests, Twitter engaged in the active display of the infringing material.

45.    Regarding contributory infringement, the DMCA takedown requests provided Twitter with actual knowledge of the alleged infringing material and Twitter's failure to remove the content constituted material contribution or inducement. Specifically, Twitter could have taken "simple measures to prevent further damage to copyrighted works" by removing the infringing post, but "continue[d] to provide access to infringing works."

46.    As stated in the Court's March 31, 2026 Order, the facts of this case differ from those of *Cox Commc'ns, Inc. v. Sony Music Ent.*, 146 S. Ct. 959 (2026). Specifically, Grecco submitted numerous DMCA takedown requests, which included the copyright and infringing material information—placing Twitter on notice of the infringing activity. Twitter, however, took no action to remove the infringing materials.

47.    Regarding vicarious infringement, Twitter had the ability to supervise the infringing content through the DMCA takedown requests and Twitter had web traffic to the infringing content such that Twitter has a direct financial interest in the continued display of the infringing works on the Twitter platform.

48.    Twitter has generated revenue through user traffic from the infringing content. Specifically, when a user visits Twitter, they are shown a series of posts (formerly referred to as a Tweet) in a feed, wherein they can scroll down to view more posts.  Users are also able to create posts themselves, either in response to other posts or a new post.  That user's post is then added to other users' feeds. Accordingly, the Twitter users are both the market and the entertainment for other Twitter users; Twitter advertises to the users as the users interact with each other.

49.    The decision as to which posts are presented to which users in their feeds is made exclusively by Twitter.

11

**FOURTH AMENDED COMPLAINT**

50.    Additionally, alongside and between the posts, or presented as sponsored posts, Twitter presents advertisements to the users scrolling through their feed.  The users do not receive any income from the advertisements, Defendant does.

51.    The decision to determine which advertisements to present to which users is a decision made exclusively by Twitter.

52.    The longer that a user scrolls through their feed on the Twitter platform, the more advertisements that Twitter will have opportunity to present to them. When an advertisement is viewed, interacted with, or clicked by a user to access the advertiser's website or sales portal, Twitter receives advertising revenue.

53.    If there were no posts on Twitter, Twitter would have no market and make no money from advertisers.  Conversely, the more users interact with each other and share thoughts, images, or arguments about those thoughts or images, the more Twitter as a platform benefits from advertising to those users.

54.    Publicly filed documents establish that Twitter generates revenue from advertising, that such advertising revenue is based on user engagement, and that the "Average monetizable daily active usage" of its Platform is a key metric for determining revenue creation.  For example, in its FORM 10-Q filed with the Securities and Exchange Commission for the quarterly period ending on June 30, 2022 (which is the most recent public filing by Twitter prior to be taken private by Elon Musk), Twitter provided "Highlights of Quarterly Results," which included the following information.

Revenue for the three months ended June 30, 2022 totaled $1.18 billion, a decrease of 1% year over year.

- Advertising revenue totaled $1.08 billion, an increase of 2% year over year.

- Subscription and other revenue totaled $100.7 million, a decrease of 27% year over year.

12

**FOURTH AMENDED COMPLAINT**

- U.S. revenue totaled $661.3 million, an increase of 1% year over year.

- International revenue totaled $515.4 million, a decrease of 4% year over year.

- Total ad engagements increased 7% year over year.

- Cost per engagement decreased 5% year over year.

Average monetizable daily active usage (mDAU)(1) for the three months ended June 30, 2022 was 237.8 million, an increase of 16.6% year over year.

(*See* Edgar Online, SEC Archives, retrieved July 6, 2026 https://www.sec.gov/Archives/edgar/data/1418091/000141809122000147/twtr-20220630.htm#ia3cbe6e67be64784a54868590f38351c_127.)

55.    The photographs serve specifically as a draw to the Twitter platform—and thus its traffic-based advertising revenue—because the infringed content is high quality and often consist of exclusive photographs of celebrities.

56.    High quality photographs such as those at issue in this Complaint engage users on Twitter.  Twitter possesses—but has refused to produce—data showing the number of users that have interacted with the infringing posts or the number of users that have interacted with advertisements on the infringing posts, or the amount of advertising revenue that Twitter has received from traffic relating to the infringing posts. However, when infringing content and/or posts receive views, Twitter's advertising revenue increases commensurately based on the views that the infringing content/posts receive, thereby providing Twitter a direct financial benefit from the infringing activity at issue in this suit.

57.    Further, Twitter's clear knowledge and prior practice of honoring takedown demands indicates either a willful choice to stop honoring DMCA takedown demands or a reckless disregard for its known obligations. Either way, Twitter's conduct amounts to willful copyright infringement.

**FOURTH AMENDED COMPLAINT**

58. Despite Defendants' awareness of the importance of intellectual property rights and their potential to incur liability for the infringement of the same, Defendants infringed Plaintiff's copyrights in the Photos.

59. None of the users that uploaded the Photos for public display and distribution on Twitter had permission, license, or authority to do so.

60. At no point did Defendants seek a license for the Photos and at no point did Plaintiff provide any such permission or license for Defendants to use the Photos. To the contrary, Plaintiff repeatedly requested that Defendants cease their copyright infringement. Plaintiff has never sold, licensed, or authorized the use of the Photos to Defendants.

61. Plaintiff is informed and believes that Defendants have violated federal law by willfully infringing Plaintiff's copyrights to at least the Photos identified in Exhibit A. Specifically, Defendants reproduced, displayed, and distributed the Photos, and/or derivatives thereof without permission, consent, or license.

62. On information and belief, Defendants have generated revenue through its social media platform. The website traffic translates into substantial ill-gotten commercial advantage and revenue generation for Defendants as a direct consequence of their infringing actions.

63. The following table includes the information regarding the infringement by Defendants of each of the Photos identified in this Complaint, including the Photo Registration number and date, the dates of each infringement, the date that Plaintiff sent a DMCA takedown demand to Twitter's registered DMCA agent at copyright@twitter.com, and the date that Plaintiff sent a DMCA takedown demand to X's registered DMCA agent at nbaseer@twitter.com.

64. Since the filing of the original complaint in this action (the FAC), additional instances of infringement have come to light, for which Plaintiff has again sent multiple DMCA takedown demands and for the large majority of which X has taken no action to cease its infringement. These additional instances are

14

**FOURTH AMENDED COMPLAINT**

incorporated into the table below (originally pleaded in the SAC). Despite this lawsuit and repeated notice through the procedures set forth by the DMCA, Defendants have continued to infringe; further additional instances of infringement, in this the Fourth Amended Complaint ("4AC"), are set forth below in a separate table at Paragraph 185.

| SAC/3AC | FAC | Thumbnail | Photo File Name | Copyright Reg. No. | Date of Registration | Date of Discovery | Infringement at least as early as | DMCA Takedown Demand to Twitter | DMCA Takedown Demand to X |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 75 | | 050221_Heaton_Patricia_MGP_08_004 | VAu 661-039 | 3/4/2005 | 12/5/2023 | 7/27/2022 | 2/15/2024 | 2/15/2024 |
| 2 | 50 | | 20100131_Crosby_David_MGP_4058 | VAu 1-053-892 | 2/4/2010 | 2/6/2023 | 1/20/2023 | 3/25/2024 | 3/25/2024 |
| 2 | 72 | | 20100131_Crosby_David_MGP_4058 | VAu 1-053-892 | 2/4/2010 | 12/5/2023 | 8/14/2023 | 3/13/2024 | 3/13/2024 |
| 3 | 9 | | 19780101_Bob_Marley_MGP_0005 | VA 1-736-729 | 7/7/2010 | 11/21/2023 | 9/17/2023 | 4/6/2024 | 4/6/2024 |
| 3 | 10 | | 19780101_Bob_Marley_MGP_0005 | VA 1-736-729 | 7/7/2010 | 10/16/2023 | 8/10/2023 | 4/6/2024 | 4/6/2024 |
| 3 | 11 | | 19780101_Bob_Marley_MGP_0005 | VA 1-736-729 | 7/7/2010 | 10/1/2023 | 9/18/2023 | 4/8/2024 | 4/8/2024 |
| 3 | 12 | | 19780101_Bob_Marley_MGP_0005 | VA 1-736-729 | 7/7/2010 | 10/16/2023 | 7/30/2023 | 4/8/2024 | 4/8/2024 |
| 3 | 17 | | 19780101_Bob_Marley_MGP_0005 | VA 1-736-729 | 7/7/2010 | 2/21/2022 | 2/6/2019 | 4/10/2024 | 4/10/2024 |
| 4 | 76 | | 19780101_Bob_Marley_MGP_0009 | VA 1-736-729 | 7/7/2010 | 1/27/2024 | 4/28/2019 | 2/19/2024 | 2/19/2024 |
| 5 | 77 | | 19800101_Cramps_The_MGP_0003 | VA 1-431-698 | 7/7/2010 | 11/4/2023 | 6/7/2023 | 12/5/2023 | 1/6/2024 |

**FOURTH AMENDED COMPLAINT**

| SAC/3AC | FAC | Thumbnail | Photo File Name | Copyright Reg. No. | Date of Registration | Date of Discovery | Infringement at least as early as | DMCA Takedown Demand to Twitter | DMCA Takedown Demand to X |
|---|---|---|---|---|---|---|---|---|---|
| 6 | 78 | | 19800101_Cramps_The_MGP_0004 | VA 1-431-698 | 7/7/2010 | 9/9/2023 | 7/25/2023 | 11/1/2023 | 1/25/2024 |
| 7 | 35 | | 19800101_Cramps_The_MGP_0035 | VAu 1-402-368 | 7/15/2020 | 11/21/2023 | 10/21/2023 | 4/22/2024 | 4/22/2024 |
| 8 | 66 | | 19800101_Easton_Elliot_Lowe_Nick_MGP_0002 | VA 1-736-729 | 7/7/2010 | 11/25/2023 | 6/23/2022 | 3/19/2024 | 3/19/2024 |
| 9 | 64 | | 19800101_FurCoats_MGP_0002 | VA 1-431-698 | 7/7/2010 | 11/2/2023 | 10/20/2023 | 3/18/2024 | 3/18/2024 |
| 9 | 65 | | 19800101_FurCoats_MGP_0002 | VA 1-431-698 | 7/7/2010 | 6/17/2023 | 3/24/2023 | 3/18/2024 | 3/18/2024 |
| 10 | 67 | | 19800101_Killing_Joke_MGP_0001 | VA 1-431-698 | 7/7/2010 | 1/1/2024 | 1/3/2024 | 3/19/2024 | 3/19/2024 |
| 11 | 62 | | 19800101_Talking_Heads_MGP_0006 | VA 1-431-699 | 7/7/2010 | 10/12/2023 | 6/12/2018 | 3/20/2024 | 3/20/2024 |
| 12 | 63 | | 19800101_Talking_Heads_MGP_0008 | VA 1-431-699 | 7/7/2010 | 1/1/2024 | 11/22/2021 | 3/20/2024 | 3/20/2024 |
| 13 | 55 | | Blades_Ruben_Grammy_Awards_1987_MGP_001 | VA 1-736-729 | 7/7/2010 | 4/20/2023 | 11/15/2018 | 3/28/2024 | 3/28/2024 |
| 14 | 59 | | 19801113_Williams_Wendy_MGP_0015 | VAu 1-397-398 | 3/14/2019 | 11/21/2023 | 11/13/2023 | 3/21/2024 | 3/21/2024 |
| 15 | 79 | | 1980924_Bernstein_Leonard_MGP_0002 | VA 1-431-698 | 7/7/2010 | 1/21/2024 | 8/16/2023 | 2/13/2024 | 2/13/2024 |
| 16 | 80 | | 19810101_Ant_Adam_MGP_0011 | VA 2-236-987 | 10/12/2020 | 9/16/2023 | 11/24/2022 | 12/6/2023 | 1/7/2024 |
| 17 | 30 | | 19810101_Ant_Adam_MGP_003 | VAu 1-351-527 | 3/3/2019 | 4/13/2022 | 4/1/2022 | 4/18/2024 | 4/18/2024 |

16

**FOURTH AMENDED COMPLAINT**

| SAC/ 3AC | FAC | Thumbnail | Photo File Name | Copyright Reg. No. | Date of Registration | Date of Discovery | Infringement at least as early as | DMCA Takedown Demand to Twitter | DMCA Takedown Demand to X |
|---|---|---|---|---|---|---|---|---|---|
| 18 | 43 | | 19810101_Clash_The_MGP_0006 | VAu 1-351-527 | 3/3/2019 | 2/4/2023 | 12/22/2022 | 4/25/2024 | 4/25/2024 |
| 19 | 36 | | 19810101_Ramones_MGP_0035 | VAu 1-351-527 | 3/3/2019 | 11/7/2022 | 12/20/2021 | 4/22/2024 | 4/22/2024 |
| 20 | 60 | | 19810101_Ramones_MGP_0053 | VAu 1-351-527 | 3/3/2019 | 4/20/2023 | 11/16/2022 | 3/21/2024 | 3/21/2024 |
| 21 | 45 | | 19810101_Ramones_MGP_0060 | VAu 1-351-527 | 3/3/2019 | 11/21/2023 | 11/7/2023 | 5/1/2024 | 5/1/2024 |
| 22 | 38 | | 19810401_Dead_Kennedys_MGP_0006 | VAu 1-351-527 | 3/3/2019 | 2/4/2023 | 1/8/2023 | 04/23/2024 | 04/23/2024 |
| 23 | 74 | | 19810401_Dead_Kennedys_MGP_0024 | VAu 1-351-527 | 3/3/2019 | 2/21/2022 | 4/20/2021 | 3/11/2024 | 3/11/2024 |
| 24 | 31 | | 19810531_Clash_The_MGP_0001 | VAU 1-351-527 | 3/3/2019 | 11/7/2022 | 2/5/2022 | 4/18/2024 | 4/18/2024 |
| 24 | 44 | | 19810531_Clash_The_MGP_0001 | VAU 1-351-527 | 3/3/2019 | 11/7/2022 | 2/9/2022 | 04/30/2024 | 04/30/2024 |
| 25 | 33 | | 19810531_Clash_The_MGP_0007 | VAu 1-351-527 | 3/3/2019 | 2/5/2023 | 7/9/2022 | 4/19/2024 | 4/19/2024 |
| 25 | 61 | | 19810531_Clash_The_MGP_0007 | VAu 1-351-527 | 3/3/2019 | 2/4/2023 | 2/16/2022 | 3/22/2024 | 3/22/2024 |
| 26 | 37 | | 19810901_Bow_Wow_Wow_MGP_0012 | VAu 1-351-527 | 3/3/2019 | 11/2/2023 | 10/31/2023 | 04/23/2024 | 04/23/2024 |
| 27 | 81 | | 19820101_Rotten_Johnny_MGP_0005 | VA 2-236-992 | 10/12/2020 | 1/27/2024 | 11/13/2022 | 2/28/2024 | 2/28/2024 |
| 28 | 42 | | 19820101_Rotten_Johnny_MGP_0008 | VAu 1-393-128 | 3/4/2019 | 1/18/2023 | 1/6/2023 | 4/25/2024 | 4/25/2024 |

17

**FOURTH AMENDED COMPLAINT**

| SAC/3AC | FAC | Thumbnail | Photo File Name | Copyright Reg. No. | Date of Registration | Date of Discovery | Infringement at least as early as | DMCA Takedown Demand to Twitter | DMCA Takedown Demand to X |
|---|---|---|---|---|---|---|---|---|---|
| 29 | 82 | | 19820123_Airline_Crash_MGP_0001 | VA 1-736-729 | 7/7/2010 | 9/16/2023 | 1/23/2021 | 12/1/2023 | 1/2/2024 |
| 30 | 83 | | 19820820_Clash_The_MGP_0001 | VAu 1-351-527 | 3/3/2019 | 9/1/2023 | 9/2//23 | 12/14/2023 | 12/14/2023 |
| 31 | 84 | | 19850101_Til_Tuesday_Mann_Aimee_MGP_0014 | VA 1-431-698 | 7/7/2010 | 9/16/2023 | 1/12/2023 | 12/12/2023 | 1/14/2024 |
| 32 | 3 | | 19850901_Hagler_Marvin_MGP_0002 | VA 1-431-698 | 7/7/2010 | 10/7/2023 | 8/13/2020 | 4/2/2024 | 4/2/2024 |
| 33 | 73 | | 19871011_Talking_Heads_Byrne_David_MGP_0002 | VA 1-431-698 | 7/7/2010 | 11/21/2023 | 11/11/2023 | 3/12/2024 | 3/12/2024 |
| 34 | 52 | | 19880411_Connery_Sean_Academy_Awards_MGP_0002 | VA 1-431-698 | 7/7/2010 | 11/2/2023 | 10/31/2023 | 3/26/2024 | 3/26/2024 |
| 35 | 53 | | 19880411_Dukakis_Olympia_Academy_Awards_MGP_0001 | VA 1-431-698 | 7/7/2010 | 10/21/2021 | 5/1/2021 | 3/27/2024 | 3/27/2024 |
| 36 | 54 | | 19880808_Arthur_Bea_Emmy_Awards_MGP_0001 | VA 1-431-698 | 7/7/2010 | 1/4/2024 | 1/2/2024 | 3/26/2024 | 3/26/2024 |
| 37 | 85 | | 19890109_Chase_Chevy_MGP_0001 | VA 1-431-698 | 7/7/2010 | 12/18/2023 | 12/19/2023 | 1/4/2024 | 1/4/2024 |
| 37 | 86 | | 19890109_Chase_Chevy_MGP_0001 | VA 1-431-698 | 7/7/2010 | 9/14/2023 | 9/15/2023 | 09/25/2023 | 2/7/2024 |
| 38 | 70 | | 19890127_Jackson_Michael_MGP_0001 | VA 1-736-729 | 7/7/2010 | 10/7/2023 | 1/27/2020 | 3/15/2024 | 3/15/2024 |
| 38 | 87 | | 19890127_Jackson_Michael_MGP_0001 | VA 1-736-729 | 7/7/2010 | 2/4/2023 | 8/28/2019 | 2/5/2024 | 2/5/2024 |
| 38 | 88 | | 19890127_Jackson_Michael_MGP_0001 | VA 1-736-729 | 7/7/2010 | 9/15/2023 | 6/2/2019 | 11/14/2023 | 1/31/2024 |

18

**FOURTH AMENDED COMPLAINT**

| SAC/3AC | FAC | Thumbnail | Photo File Name | Copyright Reg. No. | Date of Registration | Date of Discovery | Infringement at least as early as | DMCA Takedown Demand to Twitter | DMCA Takedown Demand to X |
|---|---|---|---|---|---|---|---|---|---|
| 39 | 89 | | 19890127_Jackson_Michael_MGP_0002 | VA 1-736-729 | 7/7/2010 | 12/21/2021 | 6/25/2021 | 02/07/2024 | 02/07/2024 |
| 40 | 14 | | 19890127_Jackson_Michael_MGP_0005 | VA 1-736-729 | 7/7/2010 | 4/20/2023 | 3/26/2023 | 4/9/2024 | 4/9/2024 |
| 41 | 90 | | 19900227_Barrymore_Drew_MGP_0003 | VA 1-431-698 | 7/7/2010 | 12/21/2022 | 9/4/2017 | 2/27/2024 | 2/27/2024 |
| 42 | 91 | | 19910101_Collins_Albert_MGP_0002 | VA 1-736-729 | 7/7/2010 | 10/12/2023 | 10/1/2023 | 1/16/2024 | 1/16/2024 |
| 43 | 92 | | 19910606_Reeves_Keanu_MGP_0002 | VA 1-736-729 | 7/7/2010 | 9/14/2023 | 6/4/2019 | 9/18/2023 | 1/12/2024 |
| 44 | 34 | | 19910606_Reeves_Keanu_MGP_0003 | VA 1-736-729 | 7/7/2010 | 2/6/2023 | 8/13/2022 | 4/19/2024 | 4/19/2024 |
| 44 | 48 | | 19910606_Reeves_Keanu_MGP_0003 | VA 1-736-729 | 7/7/2010 | 1/1/2024 | 2/14/2019 | 5/2/2024 | 5/2/2024 |
| 45 | 93 | | 19910622_En_Vogue_MGP_0009 | VA 1-431-698 | 7/7/2010 | 11/21/2023 | 11/3/2023 | 2/29/2024 | 2/29/2024 |
| 46 | | | | | RESERVED | | | | |
| 47 | 95 | | 19910628_Priestly_Jason_Perry_Luke_90210_MGP_0004 | VA 1-431-698 | 7/7/2010 | 1/15/2024 | 1/15/2024 (date of first sighting) | 3/4/2024 | 3/4/2024 |
| 48 | 41 | | 19910628_Priestly_Jason_Perry_Luke_90210_MGP_0005 | VA 1-431-698 | 7/7/2010 | 4/20/2023 | 1/15/2017 | 4/24/2024 | 4/24/2024 |
| 49 | 96 | | 19930625_Anderson_Gillian_MGP_0001 | VA 1-232-597 | 9/8/2003 | 1/14/2023 | 11/15/2020 | 2/12/2024 | 2/12/2024 |
| 50 | 56 | | 19930625_Townsend_Robert_MGP_0002 | VA 1-431-699 | 7/7/2010 | 11/4/2023 | 6/11/2023 | 3/27/2024 | 3/27/2024 |
| 51 | 51 | | 19930625_X Files_The_MGP_0005 | VA 1-825-822 | 5/31/2012 | 2/19/2022 | 8/15/2020 | 3/25/2024 | 3/25/2024 |

19

**FOURTH AMENDED COMPLAINT**

| SAC/3AC | FAC | Thumbnail | Photo File Name | Copyright Reg. No. | Date of Registration | Date of Discovery | Infringement at least as early as | DMCA Takedown Demand to Twitter | DMCA Takedown Demand to X |
|---|---|---|---|---|---|---|---|---|---|
| 51 | 102 | | 19930625_X-Files_The_MGP_0005 | VA 1-825-822 | 5/31/2012 | 9/15/2023 | 1/30/2023 | 9/27/2023 | 12/26/2023 |
| 52 | 4 | | 19930625_X Files_The_MGP_0006 | VA 2-030-741 | 1/22/2017 | 1/13/2023 | 12/18/2022 | 04/02/2024 | 04/02/2024 |
| 53 | 57 | | 19930625_X Files_The_MGP_0010 | VA 2-030-741; VA 1-431-698 | 1/22/2017 | 10/7/2023 | 9/18/2023 | 3/28/2024 | 3/28/2024 |
| 53 | 104 | | 19930625_X-Files_The_MGP_0010 | VA 2-030-741; VA 1-431-698 | 1/22/2017 | 3/12/2023 | 10/22/2023 | 2/1/2024 | 2/1/2024 |
| 54 | 97 | | 19930625_X Files_The_MGP_0015 | VA 2-030-741 | 1/22/2017 | 1/24/2024 | 2/8/2015 | 3/5/2024 | 3/5/2024 |
| 54 | 98 | | 19930625_X Files_The_MGP_0015 | VA 2-030-741 | 1/22/2017 | 10/7/2023 | 9/10/2023 | 1/29/2024 | 1/29/2024 |
| 54 | 105 | | 19930625_X Files_The_MGP_0015 | VA 2-030-741 | 1/22/2017 | 9/16/2023 | 12/27/2023 | 11/24/2023 | 12/27/2023 |
| 54 | 106 | | 19930625_X Files_The_MGP_0015 | VA 2-030-741 | 1/22/2017 | 9/15/2023 | 5/21/2023 | 11/16/2023 | 2/8/2024 |
| 55 | 99 | | 19930625_X Files_The_MGP_0021 | VA 2-030-741 | 1/22/2017 | 3/12/2023 | 10/25/2021 | 02/06/2024 | 02/06/2024 |
| 55 | 100 | | 19930625_X Files_The_MGP_0021 | VA 2-030-741 | 1/22/2017 | 10/7/2023 | 6/24/2021 | 2/20/2024 | 2/20/2024 |
| 55 | 101 | | 19930625_X Files_The_MGP_0021 | VA 2-030-741 | 1/22/2017 | 1/27/2024 | 7/9/2020 | 2/8/2024 | 2/8/2024 |
| 55 | 107 | | 19930625_X Files_The_MGP_0021 | VA 2-030-741 | 1/22/2017 | 9/16/2023 | 6/1/2021 | 11/28/2023 | 12/29/2023 |
| 56 | 15 | | 19930625_X Files_The_MGP_0042 | VA 2-063-319 | 7/27/2017 | 11/2/2023 | 9/10/2023 | 4/9/2024 | 4/9/2024 |

20

**FOURTH AMENDED COMPLAINT**

| SAC/3AC | FAC | Thumbnail | Photo File Name | Copyright Reg. No. | Date of Registration | Date of Discovery | Infringement at least as early as | DMCA Takedown Demand to Twitter | DMCA Takedown Demand to X |
|---|---|---|---|---|---|---|---|---|---|
| 57 | 103 | | 19930625_X-Files_The_MGP_0008 | VA 1-418-417 | 12/6/2006 | 11/19/2023 | 9/10/2023 | 1/26/2024 | 1/26/2024 |
| 58 | 13 | | 20150316_Stirling_Lindsey_MGP_0296 | VAu 1-206-959 | 4/1/2015 | 11/7/2022 | 4/2/2016 | 4/8/2024 | 4/8/2024 |
| 59 | 71 | | 19931119_Tawny_Kitaen_MGP_0001 | VA 1-736-729 | 7/7/2010 | 1/21/2024 | 5/8/2021 | 3/15/2024 | 3/15/2024 |
| 60 | 21 | | 19940208_Ward_Fred_MGP_0002 | VA 1-431-698 | 7/7/2010 | 1/1/2024 | 12/29/2023 | 4/12/2024 | 4/12/2024 |
| 61 | 108 | | 19940215_Piazza_Mike_MGP_0002 | VA 1-431-698 | 7/7/2010 | 9/16/2023 | 7/13/2023 | 12/18/2023 | 12/18/2023 |
| 62 | 22 | | 19940519_Cash_Johnny_MGP_0004 | VA 932-255; VA 1-148-989; VA 1-823-255 | 7/1/1998 | 11/1/2023 | 2/3/2016 | 4/12/2024 | 4/12/2024 |
| 63 | 109 | | 19940824_Farley_Chris_MGP_0001_Sepia | VAu 469 004 | 9/20/1999 | 2/4/2023 | 12/17/2022 | 2/23/2024 | 2/23/2024 |
| 64 | 110 | | 19940824_Farley_Chris_MGP_0003 | VA 1-431-698 | 7/7/2010 | 2/6/2024 | 5/31/2019 | 2/9/2024 | 2/9/2024 |
| 65 | 39 | | 19940824_Farley_Chris_MGP_0011 | VA 1-148-989 | 12/10/2000 | 11/7/2022 | 12/18/2018 | 04/23/2024 | 04/23/2024 |
| 66 | 23 | | 19950101_Sepultura_MGP_0005 | VA 1-431-698 | 7/7/2010 | 11/7/2022 | 12/3/2021 | 4/15/2024 | 4/15/2024 |
| 67 | 1 | | 19950308_Tarantino_Quentin_MGP_0003 | VA 1-431-698 | 7/7/2010 | 10/21/2021 | 1/14/2018 | 4/1/2024 | 4/1/2024 |
| 67 | 111 | | 19950308_Tarantino_Quentin_MGP_0003 | VA 1-431-698 | 7/7/2010 | 10/7/2023 | 3/27/2022 | 2/22/2024 | 2/22/2024 |
| 67 | 112 | | 19950308_Tarantino_Quentin_MGP_0003 | VA 1-431-698 | 7/7/2010 | 9/15/2023 | 9/15/2023 (date of first sighting) | 9/27/2023 | 12/23/2023 |

**FOURTH AMENDED COMPLAINT**

| SAC/ 3AC | FAC | Thumbnail | Photo File Name | Copyright Reg. No. | Date of Registration | Date of Discovery | Infringement at least as early as | DMCA Takedown Demand to Twitter | DMCA Takedown Demand to X |
|---|---|---|---|---|---|---|---|---|---|
| 68 | 2 | | 19950310_X Files_The_MGP_0007 | VA 1-232-596 | 4/8/2003 | 11/3/2023 | 8/5/2023 | 4/1/2024 | 4/1/2024 |
| 68 | 5 | | 19950310_X Files_The_MGP_0007 | VA 1-232-596 | 4/8/2003 | 11/21/2023 | 10/8/2023 | 4/3/2024 | 4/3/2024 |
| 68 | 6 | | 19950310_X Files_The_MGP_0007 | VA 1-232-596 | 4/8/2003 | 11/4/2023 | 4/1/2023 | 4/3/2024 | 4/3/2024 |
| 68 | 113 | | 19950310_X Files_The_MGP_0007 | VA 1-232-596 | 4/8/2003 | 11/21/2023 | 9/10/2023 | 3/8/2024 | 3/8/2024 |
| 68 | 114 | | 19950310_X Files_The_MGP_0007 | VA 1-232-596 | 9/8/2003 | 9/19/2023 | 1/19/2015 | 12/15/2023 | 12/15/2023 |
| 69 | 68 | | 19970106_Leoni_Tea_ MGP_0001 | VA-1-431-698 | 7/7/2010 | 10/7/2023 | 1/29/2023 | 3/14/2024 | 3/14/2024 |
| 70 | 29 | | 19970106_Leoni_Tea_ MGP_0003 | VA 1-279-679 | 9/29/2004 | 10/7/2023 | 6/3/2023 | 4/17/2024 | 4/17/2024 |
| 71 | 16 | | 19970503_Garcia_And y_MGP_0001 | VA 1-431-698 | 7/7/2010 | 1/2/2024 | 1/2/2024 (date of first sighting) | 4/9/2024 | 4/9/2024 |
| 72 | 115 | | 19970506_Xena_La wless_Lucy_MGP_003 2 | VA 2-064-915 | 8/29/2017 | 11/10/2023 | 6/30/2022 | 1/3/2024 | 1/3/2024 |
| 73 | 127 | | 19781024_Rollins_Son ny_MGP_0002 | VA 1-431-698 | 7/7/2010 | 4/20/2023 | 3/21/2023 | 1/30/2024 | 1/30/2024 |
| 74 | 116 | | 19970506_Xena_lawle ss_lucy_MGP_0002 | VA 1-431-698 | 7/7/2010 | 1/28/2024 | 12/28/2023 | 3/6/2024 | 3/6/2024 |
| 75 | 117 | | 19970506_Xena_lawle ss_lucy_MGP_0003 | VA 1-431-698 | 7/7/2010 | 9/16/2023 | 4/4/2021 | 11/26/2023 | 12/27/2023 |
| 76 | 8 | | 19970506_Xena_Lawl ess_Lucy_MGP_0007 | VA 2-030-740 | 1/19/2017 | 11/21/2023 | 11/18/2018 | 4/4/2024 | 4/4/2024 |

22
**FOURTH AMENDED COMPLAINT**

| SAC/ 3AC | FAC | Thumbnail | Photo File Name | Copyright Reg. No. | Date of Registration | Date of Discovery | Infringement at least as early as | DMCA Takedown Demand to Twitter | DMCA Takedown Demand to X |
|---|---|---|---|---|---|---|---|---|---|
| 77 | 19 | | 19970506_Xena_Lawless_Lucy_MGP_0020 | VA 2-030-740 | 12/19/2017 | 11/2/2023 | 10/27/2023 | 4/11/2024 | 4/11/2024 |
| 78 | 118 | | 19970506_Xena_Lawless_Lucy_MGP_0040 | VA 2-064-915 | 8/29/2017 | 2/6/2023 | 6/21/2015 | 2/2/2024 | 2/2/2024 |
| 79 | 46 | | 20040902_Caan_James_MGP_0002 | VA 1-431-698 | 7/7/2010 | 12/31/2023 | 12/27/2023 | 5/1/2024 | 5/1/2024 |
| 80 | 18 | | 20050926_Altman_Robert_MGP_0286_Cropped | VAu 688-636 | 12/19/2005 | 1/7/2024 | 1/2/2024 | 4/10/2024 | 4/10/2024 |
| 81 | 120 | | 19971209_Sliders_Cast_MGP_0018 | VA 2-064-693 | 8/20/2017 | 1/14/2023 | 4/10/2018 | 3/7/2024 | 3/7/2024 |
| 82 | 121 | | 19971209_Sliders_Cast_MGP_0024 | VA 2-064-693 | 8/20/2017 | 12/15/2023 | 10/21/2022 | 1/19/2024 | 1/19/2024 |
| 83 | 119 | | 19970506_Xena_Lawless_Lucy_MGP_0041 | VA 2-064-915 | 8/29/2017 | 9/1/2023 | 12/1/2017 | 11/23/2023 | 1/18/2024 |
| 84 | 24 | | 20010809_Google_Founders_MGP_0003 | VAu 590-445 | 11/18/2002 | 9/7/2023 | 4/11/2021 | 4/15/2024 | 4/15/2024 |
| 84 | 69 | | 20010809_Google_Founders_MGP_0003 | VAu 590-445 | 11/18/2002 | 3/10/2023 | 1/9/2023 | 2/26/2024 | 2/26/2024 |
| 84 | 122 | | 20021022_Google_Founders_MGP_0003 | VAu 590-445 | 11/18/2002 | 7/26/2023 | 8/13/2021 | 3/14/2024 | 3/14/2024 |
| 85 | 123 | | 20011113_Morales_Erik_MGP_0005 | VAu 539-976 | 12/10/2001 | 12/3/2023 | 1/17/2022 | 2/21/2024 | 2/21/2024 |
| 86 | 40 | | 20060525_Scorsese_Martin_MGP_0137 | VAu 715-832 | 8/8/2006 | 10/1/2023 | 6/30/2023 | 4/24/2024 | 4/24/2024 |
| 86 | 126 | | 20060525_Scorsese_Martin_MGP_0137 | VAu 715-832 | 8/8/2006 | 10/12/2023 | 9/25/2023 | 1/2/2024 | 1/2/2024 |

23

**FOURTH AMENDED COMPLAINT**

| SAC/3AC | FAC | Thumbnail | Photo File Name | Copyright Reg. No. | Date of Registration | Date of Discovery | Infringement at least as early as | DMCA Takedown Demand to Twitter | DMCA Takedown Demand to X |
|---|---|---|---|---|---|---|---|---|---|
| 87 | 124 | | 20060525_Scorsese_Martin_MGP_0063_BW | VAu 715-832 | 8/8/2006 | 10/12/2023 | 10/2/2023 | 12/23/2023 | 12/23/2023 |
| 87 | 125 | | 20060525_Scorsese_Martin_MGP_0063_BW | VAu 715-832 | 8/8/2006 | 10/12/2023 | 10/27/2023 | 12/20/2023 | 12/20/2023 |
| 88 | 28 | | 20070309_Ferrell_Will_MGP_0023 | VAu 740-387 | 3/16/2007 | 1/14/2023 | 2/2/2020 | 4/17/2024 | 4/17/2024 |
| 89 | 27 | | 20070426_West_Kanye_MGP_0086 | VAu 748-379 | 5/10/2007 | 1/14/2023 | 11/10/2022 | 4/16/2024 | 4/16/2024 |
| 90 | 26 | | 20070426_West_Kanye_MGP_0196 | VAu 748-379 | 5/10/2007 | 2/6/2023 | 11/10/2022 | 4/16/2024 | 4/16/2024 |
| 91 | 47 | | 20120201_Ireland_Kathy_MGP_1064 | VAu 1-091-782 | 2/7/2012 | 12/21/2021 | 12/8/2021 | 5/2/2024 | 5/2/2024 |
| 92 | 20 | | 20110825_Pettitte_Andy_MGP_0074 | VAu 1-079-072 | 9/26/2011 | 2/6/2023 | 4/19/2022 | 4/11/2024 | 4/11/2024 |
| 92 | 25 | | 20110825_Pettitte_Andy_MGP_0074 | VAu 1-079-072 | 9/26/2011 | 11/3/2023 | 7/23/2023 | 4/16/2024 | 4/16/2024 |
| 93 | - | | 19981009_Li_Jet_MGP_0006 | VAu 469-004 | 9/20/1999 | 10/22/2024 | 4/25/2022 | 10/23/2024 | 10/23/2024 |
| 94 | - | | 19890202_Child_Julia_MGP_0001 | VA 1-431-698 | 7/7/2010 | 10/22/2024 | 10/22/2024 (date of first sighting) | 10/22/2024 | 10/22/2024 |
| 95 | - | | 19900101_Oldman_Gary_MGP_0002 | VA 1-431-698 | 7/7/2010 | 10/22/2024 | 6/3/2023 | 10/23/2024 | 10/23/2024 |
| 96 | - | | 77804940_MPG_EstrichSusan_03 | VAu 481-333 | 10/2/2000 | 7/6/2024 | 3/15/2024 | 10/18/2024 | 10/18/2024 |

24

**FOURTH AMENDED COMPLAINT**

| SAC/3AC | FAC | Thumbnail | Photo File Name | Copyright Reg. No. | Date of Registration | Date of Discovery | Infringement at least as early as | DMCA Takedown Demand to Twitter | DMCA Takedown Demand to X |
|---|---|---|---|---|---|---|---|---|---|
| 97 | - | | 19970506_Xena_lawless_lucy_MGP_0001.jpg | VA 1-431-698 | 7/7/2010 | 6/20/2024 | 6/17/2024 | 10/19/2024 | 10/19/2024 |
| 98 | - | | 20131203_Snapchat_MGP_0142 | VAu 1-161-074 | 12/22/2013 | 10/22/2024 | 7/14/2014 | 10/22/2024 | 10/22/2024 |
| 99 | - | | 19930625_Anderson_Gillian_MGP_0003 | VA 2-063-319 | 7/27/2017 | 10/22/2024 | 9/26/2023 | 10/23/2024 | 10/23/2024 |
| 100 | - | | 19800101_Killing_Joke_MGP_0003 | VA 1-431-698 | 7/7/2010 | 5/11/2024 | 12/2/2021 | 10/20/2024 | 10/20/2024 |
| 101 | - | | 19930625_X-Files_The_MGP_0003 | VA 1-418-417 | 12/6/2006 | 5/12/2024 | 9/11/2018 | 10/21/2024 | 10/21/2024 |
| 102 | - | | 19810401_Dead_Kennedys_MGP_0027 | VA 2-236-987 | 10/12/2020 | 6/5/2024 | 5/1/2024 | 10/21/2024 | 10/21/2024 |
| 103 | - | | 19971209_Sliders_Cast_MGP_0017 | VA 2-064-693 | 8/20/2017 | 4/12/2024 | 2/14/2024 | 10/23/2024 | 10/23/2024 |
| 104 | - | | 19910125_Elliot_Chris_And_Bob_MGP_0002 | VA 1-736-729 | 7/7/2010 | 4/25/2024 | 6/1/2020 | 10/22/2024 | 10/22/2024 |
| 105 | - | | 19930625_Anderson_Gillian_MGP_0006 | VA 2-063-319 | 7/27/2017 | 8/3/2024 | 7/26/2024 | 10/22/2024 | 10/22/2024 |
| 106 | - | | 19950712_Brosnan_Pierce_MGP_0002 | VA 1-431-698 | 7/7/2010 | 8/12/2024 | 8/24/2022 | 10/22/2024 | 10/22/2024 |

25

**FOURTH AMENDED COMPLAINT**

| SAC/ 3AC | FAC | Thumbnail | Photo File Name | Copyright Reg. No. | Date of Registration | Date of Discovery | Infringement at least as early as | DMCA Takedown Demand to Twitter | DMCA Takedown Demand to X |
|---|---|---|---|---|---|---|---|---|---|
| 107 | - | | 19970506_Xena_lawless_lucy_MGP_0015 | VA 2-030-740 | 1/19/2017 | 9/17/2024 | 9/5/2024 | 10/22/2024 | 10/22/2024 |
| 108 | - | | 19970727_Viper_MGP_0002 | VA 2-277-528 | 11/30/2021 | 10/22/2024 | 1/10/2019 | 10/22/2024 | 10/22/2024 |
| 109 | - | | 19970904_Deep_Space_Nine_Cast_MGP_0005 | VA 1-736-729 | 7/7/2010 | 10/22/2024 | 5/1/2024 | 10/22/2024 | 10/22/2024 |
| 110 | - | | 19890127_Jackson_Michael_MGP_0004 | VA 1-736-729 | 7/7/2010 | 11/18/2024 | 8/29/2024 | 11/18/2024 | 11/18/2024 |
| 111 | - | | 19940125_X-Files_The_MGP_0005 | VA 1-431-698 | 7/7/2010 | 9/28/2024 | 9/24/2024 | 11/20/2024 | 11/20/2024 |

65.     For each of the foregoing infringements, as well as for the additional infringements identified below, Plaintiff provide a notification providing each of the required elements of a DMCA notification pursuant to 17 U.S.C. § 512. For example, the following is an example of a takedown email sent by MGP to copyright@twitter.com, Twitter's registered agent for DMCA notifications.

Copyright Manager
Twitter, Inc.
1355 Market Street, Suite 900
San Francisco, CA  94103

To Whom It May Concern:

This is notice pursuant to section 512(c) of the Digital Millennium Copyright Act that your website service is hosting material that infringes my copyright. As a service provider, you are required to expeditiously remove or disable access to the infringing material.

Work: Photograph titled "050221_Heaton_Patricia_MGP_08_004.jpg"

26

**FOURTH AMENDED COMPLAINT**

Locations:

https://twitter.com/Kevin10919728/status/1552070310949691392

https://pbs.twimg.com/media/FYoPaFpXkAIWo5l?format=jpg&name=900x900

File/excerpt name: 050221_Heaton_Patricia_MGP_08_004.jpg

Infringing poster: @Kevin10919728

I am the author and copyright owner of the work listed above. This work has been posted to your service without my permission.

Claimant:

Michael Grecco Productions, Inc.
3103 17th Street
Santa Monica, CA 90405
+1 310-452-4461

I have a good-faith belief that the use of the material that appears on the service is not authorized by me, by my agent, or by operation of law.

I declare under penalty of perjury, pursuant to the laws of the United States of America, that this notification is true and accurate, and that I am either the copyright owner or I am authorized by the copyright owner, by their agent, or by operation of law.

Please contact me at the email listed above indicating your prompt response.

Sincerely,

Michael Grecco
President/CEO
Michael Grecco Productions, Inc.

/ / /

/ / /

/ / /

27

**FOURTH AMENDED COMPLAINT**

66.     Despite receipt of DMCA notifications pursuant to the Copyright Act, Twitter refused to remove the infringing content. That is, it chose to receive the takedown from Plaintiff, be told no consent was given, and chose, at that moment, to elect to pick the original poster/tweeter over the rightsholder (Plaintiff). No law required that; it voluntarily and volitionally chose to do that. Then, Defendant, as to those very illegal uploads, consciously further publicly displayed, allowed for retweet, and offered for download the images of Plaintiff. This is, in essence, an intentional syndication effort to profit off of Plaintiff's content, without license or consent.

67.     Twitter did not respond to some of the DMCA takedown notifications sent by Plaintiff; for some others of the DMCA takedown notifications sent by Plaintiff, Twitter responded to ask for information beyond that required by the DMCA, itself an intentional decision to not follow the DMCA to raise the costs on rightsholder beyond the law's demands, and instead to permit known licensed content to remain active for public display, distribution and reproduction and download.  Having provided the statutorily required information, Plaintiff did not agree to Twitter's implementation of requirements beyond those set by the Copyright Act. In all, Defendant has intentionally decided to ignore complaint rightsholders' complaints about copyright infringement and decided to be the adjudicator of a dispute between the rightsholder and the original uploaded/poster, electing to protect its users and customers from account takedowns and/or account deactivations for infringement, which allows continued content to be monetized by ad revenue and user engagement with retweets.

68.     Despite receiving notice of this infringement (through registered DMCA agents for both Twitter and X), Defendants did not remove the large majority of the infringing Photos from the platform. Defendants previously maintained and enforced a policy for compliance with the DMCA such that Defendants know and understand their obligations pursuant to the Copyright laws as

**FOURTH AMENDED COMPLAINT**

set forth in the Copyright Act as well as in the Digital Millennium Copyright Act. Accordingly, Defendants' failure to comply with its known obligations amounts to willful infringement, either based on a knowing or reckless disregard for the copyright laws and the rights of copyright holders.

69.    As further evidence of X's willfulness, X has failed and/or refused to take down nearly all of the foregoing instances of infringement, despite the multiple notices pursuant to the DMCA and despite Plaintiff filing this lawsuit.  Such reckless disregard and/or willful blindness as to the rights of Plaintiff constitutes willful copyright infringement.

70.    At least one instance of Photo No. 1 in the chart above remained active on the Platform at least as recently as December 14, 2024.

71.    At least one instance of Photo No. 2 in the chart above remained active on the Platform at least as recently as December 14, 2024.

72.    At least one instance of Photo No. 3 in the chart above remained active on the Platform at least as recently as December 14, 2024.

73.    At least one instance of Photo No. 4 in the chart above remained active on the Platform at least as recently as December 14, 2024.

74.    At least one instance of Photo No. 5 in the chart above remained active on the Platform at least as recently as December 14, 2024.

75.    At least one instance of Photo No. 6 in the chart above remained active on the Platform at least as recently as December 14, 2024.

76.    At least one instance of Photo No. 7 in the chart above remained active on the Platform at least as recently as December 14, 2024.

77.    At least one instance of Photo No. 8 in the chart above remained active on the Platform at least as recently as December 15, 2024.

78.    At least one instance of Photo No. 9 in the chart above remained active on the Platform at least as recently as December 15, 2024.

**FOURTH AMENDED COMPLAINT**

79.    At least one instance of Photo No. 10 in the chart above remained active on the Platform at least as recently as December 15, 2024.

80.    At least one instance of Photo No. 11 in the chart above remained active on the Platform at least as recently as December 15, 2024.

81.    At least one instance of Photo No. 12 in the chart above remained active on the Platform at least as recently as December 15, 2024.

82.    At least one instance of Photo No. 13 in the chart above remained active on the Platform at least as recently as December 15, 2024.

83.    At least one instance of Photo No. 14 in the chart above remained active on the Platform at least as recently as December 15, 2024.

84.    At least one instance of Photo No. 15 in the chart above remained active on the Platform at least as recently as December 15, 2024.

85.    At least one instance of Photo No. 16 in the chart above remained active on the Platform at least as recently as December 15, 2024.

86.    At least one instance of Photo No. 17 in the chart above remained active on the Platform at least as recently as December 15, 2024.

87.    At least one instance of Photo No. 18 in the chart above remained active on the Platform at least as recently as November 20, 2024.

88.    At least one instance of Photo No. 19 in the chart above remained active on the Platform at least as recently as December 15, 2024.

89.    At least one instance of Photo No. 20 in the chart above remained active on the Platform at least as recently as December 15, 2024.

90.    At least one instance of Photo No. 21 in the chart above remained active on the Platform at least as recently as December 15, 2024.

91.    At least one instance of Photo No. 22 in the chart above remained active on the Platform at least as recently as December 15, 2024.

92.    At least one instance of Photo No. 23 in the chart above remained active on the Platform at least as recently as December 15, 2024.

30

**FOURTH AMENDED COMPLAINT**

93.     At least one instance of Photo No. 24 in the chart above remained active on the Platform at least as recently as December 15, 2024.

94.     At least one instance of Photo No. 25 in the chart above remained active on the Platform at least as recently as December 15, 2024.

95.     At least one instance of Photo No. 26 in the chart above remained active on the Platform at least as recently as December 15, 2024.

96.     At least one instance of Photo No. 27 in the chart above remained active on the Platform at least as recently as December 15, 2024.

97.     At least one instance of Photo No. 28 in the chart above remained active on the Platform at least as recently as December 15, 2024.

98.     At least one instance of Photo No. 29 in the chart above remained active on the Platform at least as recently as December 15, 2024.

99.     At least one instance of Photo No. 30 in the chart above remained active on the Platform at least as recently as December 15, 2024.

100.   At least one instance of Photo No. 31 in the chart above remained active on the Platform at least as recently as October 22, 2024.

101.   At least one instance of Photo No. 32 in the chart above remained active on the Platform at least as recently as October 22, 2024.

102.   At least one instance of Photo No. 33 in the chart above remained active on the Platform at least as recently as October 22, 2024.

103.   At least one instance of Photo No. 34 in the chart above remained active on the Platform at least as recently as December 15, 2024.

104.   At least one instance of Photo No. 35 in the chart above remained active on the Platform at least as recently as December 15, 2024.

105.   At least one instance of Photo No. 36 in the chart above remained active on the Platform at least as recently as December 15, 2024.

106.   At least one instance of Photo No. 37 in the chart above remained active on the Platform at least as recently as December 15, 2024.

31

**FOURTH AMENDED COMPLAINT**

107.    At least one instance of Photo No. 38 in the chart above remained active on the Platform at least as recently as December 15, 2024.

108.    At least one instance of Photo No. 39 in the chart above remained active on the Platform at least as recently as March 7, 2024.

109.    At least one instance of Photo No. 40 in the chart above remained active on the Platform at least as recently as December 15, 2024.

110.    At least one instance of Photo No. 41 in the chart above remained active on the Platform at least as recently as December 15, 2024.

111.    At least one instance of Photo No. 42 in the chart above remained active on the Platform at least as recently as December 15, 2024.

112.    At least one instance of Photo No. 43 in the chart above remained active on the Platform at least as recently as February 15, 2024.

113.    At least one instance of Photo No. 44 in the chart above remained active on the Platform at least as recently as December 15, 2024.

114.    At least one instance of Photo No. 45 in the chart above remained active on the Platform at least as recently as December 15, 2024.

115.    At least one instance of Photo No. 47 in the chart above remained active on the Platform at least as recently as December 15, 2024.

116.    At least one instance of Photo No. 48 in the chart above remained active on the Platform at least as recently as December 15, 2024.

117.    At least one instance of Photo No. 49 in the chart above remained active on the Platform at least as recently as June 7, 2024.

118.    At least one instance of Photo No. 50 in the chart above remained active on the Platform at least as recently as November 5, 2023.

119.    At least one instance of Photo No. 51 in the chart above remained active on the Platform at least as recently as April 21, 2026.

120.    At least one instance of Photo No. 52 in the chart above remained active on the Platform at least as recently as December 15, 2024.

32

**FOURTH AMENDED COMPLAINT**

121. At least one instance of Photo No. 53 in the chart above remained active on the Platform at least as recently as April 21, 2026.

122. At least **two** instances of Photo No. 54 in the chart above remained active on the Platform at least as recently as April 21, 2026.

123. At least **four** instances of Photo No. 55 in the chart above remained active on the Platform at least as recently as December 12, 2024.

124. At least one instance of Photo No. 56 in the chart above remained active on the Platform at least as recently as December 12, 2024.

125. At least one instance of Photo No. 57 in the chart above remained active on the Platform at least as recently as April 21, 2026.

126. At least one instance of Photo No. 58 in the chart above remained active on the Platform at least as recently as December 12, 2024.

127. At least one instance of Photo No. 59 in the chart above remained active on the Platform at least as recently as December 12, 2024.

128. At least one instance of Photo No. 60 in the chart above remained active on the Platform at least as recently as December 12, 2024.

129. At least one instance of Photo No. 61 in the chart above remained active on the Platform at least as recently as April 21, 2026.

130. At least one instance of Photo No. 62 in the chart above remained active on the Platform at least as recently as December 12, 2024.

131. At least one instance of Photo No. 63 in the chart above remained active on the Platform at least as recently as December 12, 2024.

132. At least one instance of Photo No. 64 in the chart above remained active on the Platform at least as recently as June 7, 2024.

133. At least one instance of Photo No. 65 in the chart above remained active on the Platform at least as recently as December 12, 2024.

134. At least one instance of Photo No. 66 in the chart above remained active on the Platform at least as recently as December 12, 2024.

33

**FOURTH AMENDED COMPLAINT**

135. At least one instance of Photo No. 67 in the chart above remained active on the Platform at least as recently as April 21, 2026.

136. At least one instance of Photo No. 68 in the chart above remained active on the Platform at least as recently as November 6, 2025.

137. At least one instance of Photo No. 69 in the chart above remained active on the Platform at least as recently as December 12, 2024.

138. At least one instance of Photo No. 70 in the chart above remained active on the Platform at least as recently as December 12, 2024.

139. At least one instance of Photo No. 71 in the chart above remained active on the Platform at least as recently as December 12, 2024.

140. At least one instance of Photo No. 72 in the chart above remained active on the Platform at least as recently as April 21, 2026.

141. At least one instance of Photo No. 73 in the chart above remained active on the Platform at least as recently as December 13, 2024.

142. At least one instance of Photo No. 74 in the chart above remained active on the Platform at least as recently as December 13, 2024.

143. At least one instance of Photo No. 75 in the chart above remained active on the Platform at least as recently as April 21, 2026.

144. At least one instance of Photo No. 76 in the chart above remained active on the Platform at least as recently as December 13, 2024.

145. At least one instance of Photo No. 77 in the chart above remained active on the Platform at least as recently as December 13, 2024.

146. At least one instance of Photo No. 78 in the chart above remained active on the Platform at least as recently as April 21, 2026.

147. At least one instance of Photo No. 79 in the chart above remained active on the Platform at least as recently as December 13, 2024.

148. At least one instance of Photo No. 80 in the chart above remained active on the Platform at least as recently as December 13, 2024.

**FOURTH AMENDED COMPLAINT**

149. At least one instance of Photo No. 81 in the chart above remained active on the Platform at least as recently as December 13, 2024.

150. At least one instance of Photo No. 82 in the chart above remained active on the Platform at least as recently as April 21, 2026.

151. At least one instance of Photo No. 83 in the chart above remained active on the Platform at least as recently as April 21, 2026.

152. At least three instances of Photo No. 84 in the chart above remained active on the Platform at least as recently as December 13, 2024.

153. At least one instance of Photo No. 85 in the chart above remained active on the Platform at least as recently as December 13, 2024.

154. At least two instances of Photo No. 86 in the chart above remained active on the Platform at least as recently as April 21, 2026.

155. At least two instances of Photo No. 87 in the chart above remained active on the Platform at least as recently as April 21, 2026.

156. At least one instance of Photo No. 88 in the chart above remained active on the Platform at least as recently as December 13 2024.

157. At least one instance of Photo No. 89 in the chart above remained active on the Platform at least as recently as December 13, 2024.

158. At least one instance of Photo No. 90 in the chart above remained active on the Platform at least as recently as April 21, 2026.

159. At least one instance of Photo No. 91 in the chart above remained active on the Platform at least as recently as December 13, 2024.

160. At least one instance of Photo No. 92 in the chart above remained active on the Platform at least as recently as December 13, 2024.

161. At least one instance of Photo No. 93 in the chart above remained active on the Platform at least as recently as December 13, 2024.

162. At least one instance of Photo No. 94 in the chart above remained active on the Platform at least as recently as December 13, 2024.

**FOURTH AMENDED COMPLAINT**

163.   At least one instance of Photo No. 95 in the chart above remained active on the Platform at least as recently as December 14, 2024.

164.   At least one instance of Photo No. 96 in the chart above remained active on the Platform at least as recently as December 14, 2024.

165.   At least one instance of Photo No. 97 in the chart above remained active on the Platform at least as recently as December 14, 2024.

166.   At least one instance of Photo No. 98 in the chart above remained active on the Platform at least as recently as December 14, 2024.

167.   At least one instance of Photo No. 99 in the chart above remained active on the Platform at least as recently as December 14, 2024.

168.   At least one instance of Photo No. 100 in the chart above remained active on the Platform at least as recently as December 14, 2024.

169.   At least one instance of Photo No. 101 in the chart above remained active on the Platform at least as recently as December 14, 2024.

170.   At least one instance of Photo No. 102 in the chart above remained active on the Platform at least as recently as December 14, 2024.

171.   At least one instance of Photo No. 103 in the chart above remained active on the Platform at least as recently as December 14, 2024.

172.   At least one instance of Photo No. 104 in the chart above remained active on the Platform at least as recently as December 14, 2024.

173.   At least one instance of Photo No. 105 in the chart above remained active on the Platform at least as recently as December 14, 2024.

174.   At least one instance of Photo No. 106 in the chart above remained active on the Platform at least as recently as December 14, 2024.

175.   At least one instance of Photo No. 107 in the chart above remained active on the Platform at least as recently as October 22, 2024.

176.   At least one instance of Photo No. 108 in the chart above remained active on the Platform at least as recently as December 14, 2024.

36

**FOURTH AMENDED COMPLAINT**

177. At least one instance of Photo No. 109 in the chart above remained active on the Platform at least as recently as December 14, 2024.

178. At least one instance of Photo No. 110 in the chart above remained active on the Platform at least as recently as December 22, 2024.

179. At least one instance of Photo No. 111 in the chart above remained active on the Platform at least as recently as December 22, 2024.

180. As evidenced by the additional instances of infringement and the continuing infringement of the overwhelming majority of the photos at issue in this litigation, X's copyright infringement is rampant, unceasing, and reckless.

181. As set forth in the table above, Plaintiff discovered the infringements on or about the date set forth in the "Date of Discovery" column. Plaintiff discovered the infringements through Internet search tools such as Pixsy, Google Lens, ImageRights, and/or Copytrack.

## ADDITIONAL INSTANCES OF INFRINGEMENT

182. Since the filing of the Second Amended Complaint—and despite the pendency of this lawsuit revealing Twitter's systemic failures to stop infringement after statutorily-compliant DMCA takedown notices, Defendants have continued to disregard the copyrights of Plaintiff and have refused to takedown additional instances of infringement, despite receipt of DMCA takedown demands.

183. Defendants' refusal to stop infringement (that it has the authority and ability to remove from its platform) despite receipt of the DMCA notices is evidence of willfulness.

184. Defendants' refusal to stop infringement (that it has the authority and ability to remove from its platform) despite receipt of the DMCA notices is evidence that Defendants have not made any systemic changes to their procedures to prevent continued incidents of infringement.

185. The following represent additional instances of infringement by Defendants:

**FOURTH AMENDED COMPLAINT**

| SAC/ 3AC | Thumbnail | Photo File Name | Copyright Reg. No. | Date of Registration | Date of Discovery | Infringement at least as early as | DMCA Takedown Demand to Twitter | DMCA Takedown Demand to X |
|---|---|---|---|---|---|---|---|---|
| 112 | | 19830408_Burton_Richard_MGP_0001 | VA 1-431-698 | 7/7/2010 | 2/21/2022 | 5/10/2019 | 4/5/2026 | 4/5/2026 |
| 113 | | 19880907_Elvira_MTV_Awards_MGP_0002 | VA 1-736-729 | 7/7/2010 | 5/2/2025 | 3/23/2025 | 4/5/2026 | 4/5/2026 |
| 114 | | 19930625_X-Files_The_MGP_0004 | VA 1-431-698 | 7/7/2010 | 7/4/2025 | 7/4/2025 | 4/5/2026 | 4/5/2026 |
| 115 | | 19930625_X-Files_The_MGP_0018 | VAu 469-004 | 9/20/1999 | 5/9/2025 | 5/9/2025 | 4/5/2026 | 4/5/2026 |
| 116 | | 19970327_Lawrence_Sharon_MGP_0002 | VA 1-431-698 | 7/7/2010 | 5/9/2025 | 5/10/2019 | 4/5/2026 | 4/5/2026 |
| 117 | | 20070309_Ferrell_Will_MGP_0042 | VAu 740-387 | 3/16/2007 | 12/8/2025 | 3/23/2025 | 4/5/2026 | 4/5/2026 |
| 118 | | 20090224_Mitts_Heather_MGP_5290 | VAu 1-017-645 | 4/27/2009 | 12/1/2025 | 5/23/2013 | 4/5/2026 | 4/5/2026 |
| 119 | | 20131203_Snapchat_MGP_0009 | VAu 1-161-074 | 12/22/2013 | 2/1/2025 | 3/4/2015 | 4/5/2026 | 4/5/2026 |
| 120 | | 20000606_Will_And_Grace_MGP_0002 | VAu 492-686 | 7/18/2000 | 9/15/2025 | 11/4/2023 | 4/5/2026 | 4/5/2026 |
| 121 | | 19910701_Cole_Natalie_MGP_0002 | VA 1-431-698 | 7/7/2010 | 6/5/2024 | 5/6/2024 | 4/5/2026 | 4/5/2026 |
| 122 | | 19820101_Motels_The_MGP_0007 | VAu 1-393-128 | 3/4/2019 | 2/3/2026 | 1/19/2026 | 4/5/2026 | 4/5/2026 |
| 123 | | 19970904_Deep_Space_Nine_Cast_Visitor_Nana_MGP_0008 | VA 1-736-729 | 7/7/2010 | 2/2/2026 | 5/7/2024 | 4/5/2026 | 4/5/2026 |

38

**FOURTH AMENDED COMPLAINT**

186. At least one instance of Photo No. 112 in the chart above remained active on the Platform at least as recently as April 29, 2026.

187. At least one instance of Photo No. 113 in the chart above remained active on the Platform at least as recently as April 29, 2026.

188. As of the filing of this Fourth Amended Complaint, at least one instance of Photo No. 114 above remains active on the Platform.

189. As of the filing of this Fourth Amended Complaint, at least one instance of Photo No. 115 above remains active on the Platform.

190. At least one instance of Photo No. 116 in the chart above remained active on the Platform at least as recently as April 29, 2026.

191. As of the filing of this Fourth Amended Complaint, at least one instance of Photo No. 117 above remains active on the Platform.

192. As of the filing of this Fourth Amended Complaint, at least one instance of Photo No. 118 above remains active on the Platform.

193. At least one instance of Photo No. 119 in the chart above remained active on the Platform at least as recently as April 29, 2026.

194. As of the filing of this Fourth Amended Complaint, at least one instance of Photo No. 120 above remains active on the Platform.

195. As of the filing of this Fourth Amended Complaint, at least one instance of Photo No. 121 above remains active on the Platform.

196. As of the filing of this Fourth Amended Complaint, at least one instance of Photo No. 122 above remains active on the Platform.

197. As of the filing of this Fourth Amended Complaint, at least one instance of Photo No. 123 above remains active on the Platform.

/ / /

/ / /

/ / /

/ / /

39

**FOURTH AMENDED COMPLAINT**

# **FIRST CAUSE OF ACTION**

## **(Copyright Infringement, 17 U.S.C. § 501)**

## **(By Plaintiff against All Defendants)**

198.  Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 197 above as though fully set forth herein.

199.  Plaintiff is the rightsholder to the copyright of the Photos, which substantially consist of wholly original material that constitute copyrightable subject matter under the laws of the United States. Plaintiff has complied in all respects with the Copyright Act and all laws of the United States governing copyrights. The Photos have been timely registered with the United States Copyright Office. *See* Exhibit A.

200.  Defendants directly, vicariously, and/or contributorily infringed, and unless enjoined, will continue to infringe Plaintiff's copyrights by reproducing, displaying, distributing, and utilizing the Photos for purposes of trade without authorization of or payment to Plaintiff in violation of 17 U.S.C. § 501 et seq. Defendants exercise control over which images and posts are displayed and curated on Twitter. Such curation proximately causes infringing material to be distributed and published on Twitter and subsequently viewed by users on Twitter.

201.  Defendants willfully infringed, and unless enjoined, will continue to infringe Plaintiff's copyrights by knowingly reproducing, displaying, distributing, and utilizing the Photos for purposes of trade.

202.  Plaintiff is informed and believes that Defendants' acts of infringement are willful because, inter alia, the Defendants are sophisticated businesses with full knowledge of the strictures of federal copyright law and the basic requirements for licensing the use of copyrighted content for commercial exploitation.

203.  Plaintiff is informed and believes that Defendants, despite such knowledge, willfully reproduced and distributed the Photos, without any right to do so.

**FOURTH AMENDED COMPLAINT**

204.   Regarding direct copyright infringement, Twitter's continued curation and exploitation of the infringing images to users on its Platform after receipt of DMCA notices constitutes a volitional and direct decision to transmit, reproduce, distribute, and display infringing content in violation of Plaintiff's exclusive rights under section 106 of the Copyright Act.

205.   Every view, retweet, reply or other engagement with one of the posts of the Infringing Images is an incident of infringement that occurred despite clear notice pursuant to the DMCA that continued use of the Infringing Images constituted copyright infringement.

206.   Regarding contributory liability for copyright infringement, as set forth above, the public hostility to copyright law expressed by Elon Musk sent a message representing the Twitter platform would not enforce copyright law would not prohibit copyright infringement, thereby serving as a knowing inducement for users of its platform to infringe copyright without limitation.  Accordingly, Twitter knowingly and materially contributed and/or induced the infringement of Plaintiff's Copyrighted Images on the Twitter Platform.

207.   Regarding vicarious liability for copyright infringement, as set forth above, advertisements on Twitter's platform are presented alongside content. The views, interactions, and engagement related to the Infringing Posts establish a direct connection between the Infringing Images and advertising revenue generated from advertisements presented alongside the Infringing Posts,[11] and Twitter has the right and ability to control said infringement as per, among other things, its own Terms of Service, the basic design of its platform, and its exercise of power to determine what content can remain up on its platform.

/ / /

/ / /

---

[11] On information and belief, Twitter possesses such information, but has thus far refused to produce it.

41

**FOURTH AMENDED COMPLAINT**

208. Defendants have received substantial benefits in connection with the unauthorized reproduction, distribution, and utilization of the Photos for purposes of trade, including by increasing the traffic to their websites and use of their services.

209. Defendants' unauthorized actions were and are continuing to be performed without Plaintiff's permission, license, or consent.

210. Defendants' wrongful acts have caused, and are causing, great injury to Plaintiff, of which damages cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Plaintiff will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, Plaintiff seeks a declaration that Defendants are infringing Plaintiff's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Plaintiff's copyrights.

211. As a result of Defendants' wrongful acts alleged herein, Plaintiff has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

212. Because of the willful nature of Defendants' copyright infringement, Plaintiff is entitled to an award of statutory damages of up to $150,000 per copyrighted work.

213. Plaintiff has identified more than one hundred copyrighted works infringed by Defendants, which occurred by way of reproduction, public distribution, and public display of the Photo on the Defendants' website.

214. Alternatively, at its discretion, Plaintiff is entitled to actual damages in an amount to be proven at trial for the infringement of all works at issue.

215. Plaintiff is also entitled to its attorneys' fees and costs in prosecuting this action.

/ / /

/ / /

42

**FOURTH AMENDED COMPLAINT**

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1.    That Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all persons in active concert or participation with them, be permanently enjoined from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all advertising and promotional materials, print media, signs, Internet websites, or any other media, either now known or hereafter devised, bearing any design or mark which infringe, contributorily infringe, or vicariously infringe upon Plaintiff's rights in the photographs at issue;

2.    That Defendants be held liable to Plaintiff in statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) and (c) and for costs, interest, and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

3.    That an accounting be made for all profits, income, receipts, or other benefit derived by Defendants from the reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504(a)(1) and (b);

4.    Requiring Defendants to account for and pay over to Plaintiff all profits derived by Defendants from their acts of copyright infringement and to reimburse Plaintiff for all damages suffered by Plaintiff by reasons of Defendants' acts, pursuant to 17 U.S.C. §§ 504(a)(1) and (b);

5.    For actual damages for copyright infringement pursuant to 17 U.S.C. §§ 504(a)(1) and (b); and

/ / /

/ / /

/ / /

43

**FOURTH AMENDED COMPLAINT**

6.     For any such other and further relief as the Court may deem just and appropriate.


Dated:  July 8, 2026                        **ONE LLP**


                                    By: /s/ Peter R. Afrasiabi
                                        Peter R. Afrasiabi
                                        Taylor C. Foss
                                        Attorneys for Plaintiff,
                                        Michael Grecco Productions, Inc.

**FOURTH AMENDED COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated:  July 8, 2026                    **ONE LLP**

By: /s/ Peter R. Afrasiabi
    Peter R. Afrasiabi
    Taylor C. Foss
    Attorneys for Plaintiff,
    Michael Grecco Productions, Inc.

**FOURTH AMENDED COMPLAINT**