**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS INC., Plaintiffs, v. TWITTER, INC. et al, Defendants. | Case No.: 8:24-cv-04878-MEMF-JC **ORDER GRANTING IN PART PLAINTIFF'S MOTION TO MODIFY SCHEDULING ORDER [DKT. NO. 65]** |

Before the Court is the Motion to Modify the Scheduling Order filed by Plaintiff Michael Grecco Productions Inc. Dkt. No. 65 ("Motion"). For the reasons explained below, the Motion is GRANTED IN PART.

## I. Background

### A. Factual Background[1]

#### i. The Copyright Dispute

Plaintiff Michael Grecco Productions Inc. ("Grecco") created and authored images, which have generated revenue through sales and publishing. Dkt. No. 30 ("2AC") ¶ 9. Grecco received copyright registration as to these images. *Id.* ¶¶ 10-11.

Defendant Twitter, now known as X Corp.,[2] is the operator of a social media platform. *Id.* ¶ 12. On X Corp., users can send out, or "tweet," text-based or image-based images. *Id.* ¶ 13. User-uploaded images are subject to the Digital Millenium Copyright Act ("DMCA"). *Id.* ¶ 14. The DMCA precludes liability for copyright infringement by an internet service provider if the service provider complies with requests by copyright owners to remove infringing materials upon receipt of a demand to do so. *Id.*

X Corp. did not honor DMCA takedown requests submitted by Grecco in recent years. *Id.* ¶ 15. Grecco sent DMCA takedown requests to the registered DMCA agent for X Corp. as well as to the subsequent registered DMCA agent for X. *Id.* ¶ 17. The designated DMCA agent for X Corp. is copyright@twitter.com. *Id.* ¶ 18. The U.S. Copyright Office's DMCA Designated Agent Directory, available at https://dmca.copyright.gov/osp/, indicates that this agent has been effective from March 29, 2022, to the present. *Id.* Grecco also sent DMCA takedown emails to X Corp. corresponding to the copyright infringement of the alleged 111 infringed upon copyrighted materials. *Id.* The designated DMCA agent for X Corp. is nbaseer@x.com. *Id.* ¶ 19. The U.S. Copyright Office's DMCA Designated Agent Directory, available at https://dmca.copyright.gov/osp/, indicates that this agent has been effective from March 28, 2023, to the present. *Id.* Grecco sent DMCA takedown emails to X Corp. corresponding to the copyright infringement of the photos at issue in this Complaint. *Id.*

---

[1] Unless otherwise indicated, the following factual background is derived from the Plaintiff's Complaint. Dkt. No. 1 ("Compl."). The Court makes no findings, at this stage, regarding the truth of Plaintiffs' allegations contained therein.

[2] The Court will refer to Defendants as "X Corp." to remain consistent with the Defendants' designation in their Opposition.

X Corp. has not taken action as to the DMCA takedown requests pertaining to the 111 copyrighted materials. *Id.* ¶¶ 28-29. Grecco never gave permission of any of the 111 copyrighted materials to be used by X Corp. *Id.* ¶ 25. By using the copyrighted material, X Corp. has allegedly received increased web traffic and revenue. *Id.* ¶ 27.

ii. <u>The Parties' Discovery Conduct</u>

The discovery period began in January 2025. Dkt. No. 27. Grecco made its first discovery request on July 11, 2025. Opposition at 2. In September 2025, the parties met and conferred regarding a stipulated extension for the fact discovery cutoff and the ESI Protocol. Opposition at 3. The parties were unable to agree to a stipulation or the ESI Protocol. *Id.*

On November 17, 2025, X Corp. sent a letter to Grecco discussing that the deactivation of Grecco's X Corp. account and use of copyrighted images by its users is subject to a license pursuant to X Corp.'s terms of service. Motion at 1. On November 25, 2025, Grecco propounded discovery related to X Corp.'s spoliation argument. *Id.* at 2. X Corp. filed responses on December 26, 2025. *Id.* On December 30, 2025, Grecco raised issues with X Corp.'s responses, particularly regarding the authentication of images posted on X Corp. *Id.* at 3.

On January 14, 2026, the parties met and conferred regarding the productions of files. *Id.* On January 22, 2026, Grecco noticed a deposition of X Corp. Opposition at 3-4. Grecco also raised an issue with X Corp.'s responses to Grecco's December 22, 2025, discovery requests. *Id.* at 4. On January 23, 2026, Grecco propounded three discovery requests on X Corp., including requests for admissions, requests for production, and interrogatories. *Id.* at 5. On January 29, 2026, the parties met and conferred about stipulating to a discovery extension. *Id.* at 6. The parties were unable to agree to a stipulation. *Id.* On January 30, 2026, fact discovery cutoff closed pursuant to the Stipulated Schedule. Dkt. No. 46. On February 6, 2026, X Corp. made a supplemental production of hundreds of documents. Opposition at 6.

**B. Procedural History**

Grecco filed suit in this Court on June 10, 2024. Dkt. No. 1. Grecco filed a First Amended Complaint on June 14, 2024. Dkt. No. 12. X Corp. filed an Answer to the First Amended Complaint on August 9, 2024. Dkt. No. 20.

On January 17, 2025, the parties stipulated to allow Grecco leave to file a Second Amended Complaint. Dkt. No. 26. The Court granted the Stipulation on February 7, 2025. Dkt. No. 29. On February 12, 2025, Grecco filed a Second Amended Complaint. Dkt. No. 30 ("2AC"). The 2AC alleges violations under 17 U.S.C. § 501 on the basis that X Corp. committed: (1) direct copyright infringement; (2) contributory copyright infringement; or (3) vicarious copyright infringement. *See generally* 2AC.

On June 20, 2025, X Corp. filed a Motion for Judgment on the Pleadings. Dkt. No. 41. On July 7, 2025, Grecco filed an Opposition to X Corp.'s Motion. Dkt. No. 42. On July 14, 2025, X Corp. filed a Reply in Support of its Motion. Dkt. No. 44.

On July 23, 2025, the Court granted the parties' stipulation to continue case deadlines. Dkt. No. 46. The fact discovery cutoff was extended to January 30, 2026. *Id.*

On December 4, 2025, X Corp. filed a Motion for Sanctions. Dkt. No. 57. On December 7, 2025, Grecco filed an Opposition to X Corp.'s Motion for Sanctions. Dkt. No. 60. On December 24, 2025, X Corp. filed a Reply in Support of its Motion for Sanctions. Dkt. No. 61. The Court held a hearing on the Motions for Sanctions on January 15, 2026.

On February 11, 2026, Grecco filed the instant Motion. *See* Motion. On February 25, 2026, X Corp. filed an Opposition to the Motion. Dkt. No. 66 ("Opposition"). On March 4, 2026, Grecco filed a Reply. Dkt. No. 67 ("Reply").

## II. Applicable Law

A scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause exists when the scheduling order's deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment. "While a court may take into account any prejudice to the party opposing modification of the scheduling order, 'the focus of the [Rule 16(b)] inquiry is upon the moving party's reasons for seeking modification.'" *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013), *aff'd sub nom*, *Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)). "If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

When ruling on a motion to amend a Rule 16 scheduling order to reopen discovery, the Ninth Circuit has instructed district courts to consider these additional factors: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the nonmoving party would be prejudiced by the reopening of discovery, (4) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (5) the likelihood that the discovery will lead to relevant evidence. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017).

## III. Discussion

The Court first addresses whether Grecco has demonstrated diligence as a threshold matter, then addresses the remaining factors set forth by the Ninth Circuit. Grecco bases its Motion on X Corp.'s apparent newly raised license and spoliation defenses and argues that the *City of Pomona* factors "all favor the requested relief or are neutral." Motion at 6-8. In its Opposition, X Corp. asserts that Grecco has failed to diligently conduct discovery since January 2025 and granting an extension would prejudice X Corp. Opposition at 8-10, 15-17. Based on the parties' briefing and the Court's understanding of the timeline—which it details below—Grecco appears to have made sufficient efforts to seek discovery as to the newly raised spoliation issue.

### A. Grecco Has Shown Diligence.

At the outset, the Court must determine whether the scheduling order's deadlines "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment. "If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

#### i. Grecco Acted Diligently in Pursuing Discovery on the newly raised Spoliation Issue but not the License Issue.

Here, Grecco contends that it "did not know of X [Corp.]'s spoliation argument or its unpleaded license defense until its recent motion for sanctions, filed on December 4, 2025—the month before the close of fact discovery." Motion at 7. But in Grecco's Motion, Grecco states that counsel for X Corp. sent a letter raising spoliation and license issues on November 17, 2025. Dkt. No. 57-18 at 2; Motion at 1; Opposition at 18-19; Reply at 1, 3-4. X Corp. responds that Grecco was first made aware of the license defense on June 26, 2025, pursuant to a request for admissions which asked Grecco if it "posted the Copyrighted Works on X [Corp.] from @michaelgrecco or another

account [it] Controlled." Opposition at 12; Dkt. No. 66-9 at 7. As Grecco is a sophisticated litigant who has filed over two-hundred federal copyright infringement cases over the past decade, it is implausible to suggest that it did not have notice of a license defense based on X Corp.'s June 26, 2025, request for admission. Dkt. No. 57-7. As such, the record establishes that Grecco was on notice of the license defense on June 26, 2025—two-hundred and nineteen (219) days before the discovery cutoff—and was on notice of the spoliation issues on November 17, 2025—seventy-four (74) days before the discovery cutoff.

On November 25, 2025, Grecco "propounded discovery related to X [Corp.]'s spoliation argument," including requesting a copy of X Corp.'s litigation hold which relates to the deletion of data. Motion at 2; Dkt. No. 65-2 ¶ 3. Grecco also sought discovery as to X Corp.'s license arguments—requesting information regarding how X Corp. could identify an account through an email address and authenticating posts on X Corp.'s platform. Dkt. No. 65-2 ¶¶ 4, 6-7. X Corp., however, refused to produce documents or offered inconsistent responses. In particular, X Corp. stated that it "can generally look up what account is associated with a given email address" in its December 26, 2025, response, Dkt. No. 65-2 ¶ 5, but X Corp.'s counsel indicated that he believed that X Corp. "could not look up an account using an email address" at the January 15, 2026, hearing on the Motion for Sanctions. *Id.* ¶ 10; Reply at 2-3. In light of X Corp.'s inconsistent responses, Grecco, throughout January 2026, proceeded to meet and confer with X Corp. as well as submit a letter to X Corp. in an effort to resolve the outstanding discovery disputes involving the spoliation and license issues. Motion at 3-4; Dkt. Nos. 65-2 ¶¶ 8, 13, 65-3. As of the filing of this Motion, the parties had yet to resolve the disputes and the fact discovery cutoff deadline passed.[3]

Considering the record, Grecco acted diligently as to the spoliation issue but not the license defense. November 25, 2025, marks the first time Grecco propounded discovery as to either issue.

---

[3] Grecco posits that X Corp. has shown an unwillingness to "meet and confer," citing to X Corp.'s correspondence telling Grecco to "pound sand." Reply at 4. Grecco, however, fails to provide the full context of the correspondence. The record demonstrates that X Corp., during a January 29, 2026, meet and confer regarding a discovery extension, X Corp. told Grecco to "pound sand, for now" after Grecco requested an "unbounded" sixty-day extension. Dkt. No. 66-1 ¶¶ 22-23; Opposition at 6. Notably, X Corp. reiterated that it would be willing to consider a "narrow stipulation" to extend discovery. *Id.* Thus, the Court does not find that X Corp. was unwilling to meet and confer.

With regard to spoliation, the propounded discovery was just eight (8) days after being notified of the issue. Dkt. Nos. 65-2 ¶¶ 3-4, 6-8, 13, 65-3. And Grecco subsequently effectuated efforts to resolve disputes following X Corp.'s responses. *Id.* However, Grecco has not demonstrated a reason for not propounding discovery on the license issue between June 26, 2025, and November 25, 2025. Despite Grecco's efforts to obtain discovery on the license defense since November 25, 2025, Grecco's overall conduct does not substantiate diligence. As such, Grecco demonstrated diligence only on the spoliation issue. *Johnson*, 975 F.2d at 609.

ii. Grecco Acted Diligently in Pursuing Discovery Regarding X Corp.'s February 6, 2026, Supplemental Disclosures.

X Corp. contends that Grecco has been dilatory in compelling discovery from X Corp. Opposition at 12-13. In Reply, Grecco states that it cannot be faulted for failing to compel discovery regarding X Corp.'s post-discovery cutoff disclosures. Reply at 4-5.

On February 6, 2026—five (5) days prior to Grecco's filing of this Motion—X Corp. "produced tens of thousands" of documents. Motion at 8; Dkt. No. 65-2 ¶¶ 21-23; Reply at 4-5. And X Corp. produced a privilege log on February 11, 2026. Reply at 5. Grecco contends that he has attempted to but is "unable to adequately review the documents produced" because X Corp.'s privilege log contains "repeated blank entries" preventing Grecco from "examining the propriety of the assertion of privilege" and X Corp. has not responded to inquiries seeking an extension. Motion at 8-9; Reply at 5; Dkt. No. 65-2 ¶¶ 23-24. In its Opposition, X Corp. does not contest Grecco's diligence as to the supplemental disclosures. *See generally* Opposition. Given the recency of X Corp.'s disclosures and Grecco's attempts to review the produced documents, Grecco has demonstrated diligence as to the supplemental disclosures. *Johnson*, 975 F.2d at 609.

iii. Grecco Did Not Act Diligently in Pursuing Discovery on Non-Newly Raised Issues.

Aside from the newly raised issues, X Corp. argues that Grecco has not acted diligently throughout the discovery period. In particular, X Corp. states that: (1) Grecco waited months before "starting discovery"; (2) declined "to stipulate to a ESI Protocol"; and untimely filed this Motion. Opposition at 10-12.

First, fact discovery began on January 23, 2025, Dkt. No. 27, and Grecco did not propound written discovery until July 11, 2025. Dkt. No. 66-1 ¶ 6; Opposition at 9. Grecco has not offered an explanation as to why it waited over six (6) months to submit discovery requests and Grecco's delay cannot substantiate a showing of diligence. *Johnson*, 975 F.2d at 609. Additionally, on December 31, 2025, the last possible day for either party could submit a discovery request under Federal Rule of Civil Procedure 34(b),[4] Grecco served five-hundred and sixty-nine (569) Requests for Admissions on X Corp. Dkt. Nos. 66-1 ¶ 7, 66-2. Despite the tight deadline, X Corp. responded to each request. Notably, the Requests for Admissions were reasonably foreseeable to Grecco at the onset of this action. The requests related to Michael Grecco's copyrights, DMCA takedown requests sent to X Corp., and at issue photos on X Corp.'s platform—all of which related to conduct between 2023 and 2024.[5] Dkt. Nos. 66-1 ¶ 7, 66-2. Grecco also noticed "its first and only deposition" via a Rule 30(b)(6) noticed deposition on January 22, 2026—eight (8) days before the close of fact discovery. Dkt. No. 65-2 ¶ 14. Notwithstanding the fact that Rule 30(b)(6) noticed deposition was made near the fact discovery cutoff, Grecco sought to depose a X Corp. representative which it should have been reasonably foreseeable since the start of discovery. Grecco maintains that the *Pomona* factors weigh in favor of allowing the noticed deposition because it was timely, X Corp. did not object to it, and X Corp. will not be prejudiced by the deposition. Reply at 3. But diligence is a dispositive consideration and as discussed, Grecco's nearly yearlong delay to notice a reasonably foreseeable deposition does not constitute diligence. *Johnson*, 975 F.2d at 609. In sum, Grecco appears to have been dilatory in conducting discovery.

Second, the ESI Protocol is a "process by which the parties would search for, identify, and produce responsive documents, including timelines regarding the production of documents and privilege logs and procedures for the parties to address concerns that productions had been

---

[4] Federal Rule of Civil Procedure 34(b)(2)(A) states: "[t]he party to whom the request is directed must respond in writing within 30 days after being served."

[5] Grecco also served discovery requests on X Corp. on January 23, 2026, seeking responses as to "All correspondence" containing "the name 'Michael Grecco.'" Dkt. Nos. 66-1 ¶ 21, 66-13. Grecco's request is untimely as it fails to provide X Corp. thirty (30) days to respond under Rule 34(b)(2)(A) and involves information foreseeable to Grecco, given that the action asserts copyright claims for copyrights owned by Michael Grecco. Opposition at 10.

unreasonably delayed, without court intervention." Opposition at 11-12; Dkt. Nos. 66-1 ¶ 8, 66-4 at § V.D. Agreeing to the ESI Protocol could have streamlined the discovery process. *Id.* Yet, Grecco refused to discuss the protocol. Opposition at 12; Dkt. Nos. 66-1 ¶ 7, 66-5. Thus, Grecco had the opportunity to enhance the efficiency of discovery but did not appear to entertain the X Corp.'s proposed stipulation.

Third, Grecco filed this Motion twelve (12) days *after* fact discovery closed. Motion. Grecco could have moved to amend the Scheduling Order any time before the close of discovery, Dkt. No. 46, especially considering that Grecco was aware of the outstanding discovery disputes set forth in its Motion. Opposition at 12; Motion at 3-5; *see Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1027 (9th Cir. 2006) ("Attempting to secure discovery after a discovery cutoff date does not cure a party's failure to conduct diligent discovery beforehand.").

Taken together, the record illustrates that Grecco's course of discovery conduct is dilatory and indicative of a lack of diligence. *Johnson*, 975 F.2d at 609. Accordingly, the Court only finds that Grecco acted diligently as to the spoliation issue and supplemental documents. The Court will proceed to address the *City of Pomona* factors.

**B. The remaining factors do favor modification.**

Under *Johnson*, because the Court finds that Grecco was diligent as to the spoliation issue and supplemental documents, the Court will address the Rule 16 factors set forth in *City of Pomona*. *See Johnson*, 975 F.2d at 609; *City of Pomona*, 866 F.3d at 1066. When analyzing the factors, the Court finds good cause to modify the scheduling order.

The first factor—the imminence of trial—does not weigh strongly in either direction. Trial is currently set for November 23, 2026. Dkt. No. 46. X Corp. argues that granting Grecco an extension "would wreak havoc on the stipulated schedule" because "wholesale changes would be necessary" if the fact discovery deadline is extended. Opposition at 14-15. While the Court agrees with X Corp.'s contentions—that extending the fact discovery deadline will require modification to the scheduling order pursuant to the Court's Operative Scheduling Order—the need for extension is due to the spoliation issue raised and supplemental disclosures produced by X Corp. As such, it is due to X Corp.'s own conduct. And further fact discovery will be limited to the issue of spoliation and

supplemental disclosures which minimize the material impact on discovery time and expenses. Overall, because trial is not imminent and Grecco is not at fault for the extension, the Court does not find that this factor weighs heavily on its good-cause analysis.

The second factor—whether the request is opposed—weighs against amendment. X Corp. has opposed the request. *See generally* Opposition.

The third factor—whether the nonmoving party would suffer prejudice from the amendment—weighs for amendment. In opposition, X Corp. argues that an extension would require X Corp, who has worked diligently in discovery and responded to an abundance of Grecco's requests, to subject "to expend unnecessary time and cost" to conduct further discovery. Opposition at 16. X Corp. also maintains that "allowing an unbounded reopening of fact discovery" could result in major alterations to its litigation strategy, especially if Grecco seeks a fourth amended complaint. *Id.* at 16-17. X Corp.'s concerns are unavailing. As stated above, the Court is inclined to reopen discovery and limit it to the spoliation issue and supplemental disclosures. Doing so will minimize any material alteration to X Corp.'s litigation strategy, time, and expenses. Importantly, X Corp. shares responsibility for the need to extend discovery given that the Court's decision is predicated on X Corp. raising the spoliation issue and supplemental disclosures. Thus, the Court concludes that this factor supports amendment.

The fourth factor—the foreseeability of the need of additional discovery in light of the time that this Court initially allotted to discovery—weighs for amendment.[6] Grecco did not know of the spoliation issue until X Corp. raised it on November 17, 2025. Dkt. No. 57-18 at 2; Motion at 1; Opposition at 18-19. And Grecco just recently received the supplemental disclosures. Motion at 8. Thus, Grecco did not foresee the need to conduct depositions or seek further discovery on the spoliation dispute, and has not had time to adequately review the supplemental disclosures. *Id.* As a result, the Court determines that this factor weighs for amendment.

---

[6] X Corp.'s foreseeability arguments concerning Grecco's January 23, 2026, discovery requests are not relevant to its analysis given that the Court determined that Grecco did not act diligently in seeking theses requests. Opposition at 18.

Finally, the fifth factor—the likelihood that the discovery will lead to relevant evidence—weighs for amendment. Evidence related to spoliation is relevant as it could reveal that X Corp. willingly failed to preserve evidence of its awareness of Grecco's accounts. Motion at 7. X Corp. contends that the issue of spoliation is irrelevant because "it was Grecco," not X Corp. "who deleted two of its X [Corp.] accounts." Opposition at 19 n.8. But this contention is heavily disputed in the parties briefing on X Corp.'s Motion for Sanctions. Dkt. Nos. 57, 60, 61. Specially, the parties each assert that the other spoliated the evidence. *Id.* Thus, for the purposes of this Order, the Court finds that the issue of spoliation is relevant, and this factor weighs for amendment. Regarding the supplemental disclosures, given the volume and recency of the produced documents, Grecco has not had the opportunity to adequately review the disclosures. As a result, it is unclear if the supplemental disclosures will lead to relevant evidence. Therefore, this factor is neutral.

Accordingly, performing the good cause analysis under the *City of Pomona* factors, the Court finds that good cause exists to modify the scheduling order.

## IV. Conclusion

For the foregoing reasons, the Court hereby GRANTS the Motion and ORDERS as follows:

1. The fact discovery cutoff is extended by sixty (60) days from the date of this Order;
2. Grecco is permitted to conduct discovery limited to the spoliation issue and documents disclosed by X Corp. on February 6, 2026.
3. The parties shall meet and confer, and file a Joint Status Report within seven (7) days with a proposed schedule for further proceedings (including a last day to hear motions, trial filings, Final Pretrial Conference, and trial).

IT IS SO ORDERED.

Dated: September 28, 2026

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge